EMORY M. JONES, D/B/A SOUTHERN DISTRIBUTING COMPANY

*v.*

SULLIVAN COUNTY BEER BOARD

(*Knoxville,* September Term, 1955.)

(May Session, 1956)

Opinion filed June 8, 1956.

DODSON & DODSON and PENN, HUNTER, SMITH & DAVIS, Kingsport, for plaintiff in error.

STACY J. GRAYSON, Bristol, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is another case wherein the Beer Board revoked a permit, the plaintiff in error in this instance, to sell beer. The plaintiff in error seasonably took the matter to the law court and that court affirmed the revocation of the permit. Steps were seasonably taken and the matter appealed here where assignments of error have been made, briefs filed, and arguments heard. We now have the matter for disposition.

The plaintiff in error under what is called in the record "a wholesale beer permit" was operating his place of business near the Johnson City highway in Kingsport, Tennessee. A number of citizens of that County (Sullivan County, Tennessee) filed with the Beer Board a petition seeking to have this permit revoked. The pe-

tition was based on allegations in which they concluded that the plaintiff in error was creating both a public and private nuisance in selling beer at this location because it was closer to church and public buildings than the statute permitted and because he was selling at retail when his permit was a wholesale permit. The signers of this petition are not strictly speaking parties to the proceeding but were in effect relators or prosecutors. *Anderson v. Putnam County Beer Board,* 184 Tenn. 623, 201 S.W. 2d 994.

There are six assignments of error which present in reality three questions, to-wit: (1) Was one Thomas who acted as chairman of this Beer Committee an authorized member of such committee; and (2) Could the Beer Committee revoke the license on the ground that the place of business of the plaintiff in error was nearer than 2,000 feet to a church in the absence of the Committee or prosecutor showing such a resolution had been passed by the County Court; and (3) Whether or not there was any material evidence offered before the Board which would sustain a revocation.

■ At the hearing before this Committee able counsel representing the plaintiff in error challenged, before that Committee, the right and authority of the acting chairman, Mr. C. D. Thomas, to sit as a member of that Board. Some 10 or 12 pages are taken up with colloquy between various counsel representing the plaintiff in error and counsel representing the prosecutors. In this argument between the lawyers it was stated repeatedly by counsel representing the plaintiff in error that a deputy clerk had told him that there was no minute entry on the Quarterly County Court's minutes showing Mr. Thomas to have been appointed as a member of that

Committee. No minutes were offered in evidence and the only thing on the question, aside from the hearsay statements of the counsel, are the statements of Mr. Thomas himself. On at least two instances he said:

"I have been a member of the County Court twenty-five years and I have been a member of the beer commission, was elected before these other gentlemen, with Judge Bandy, Paul Zimmerman, long years ago."

And again he said:

"I was a member of the beer commission before that. I was on with Paul Zimmerman and Judge Bandy on the beer commission before that."

At least he insisted that he was a member and there was no showing to the contrary other than statements of counsel as to what a deputy clerk had told him. Be that as it may the question was not properly presented to this Commission as this Beer Committee did not have authority to pass on the subject. This question was directly raised in *Anderson v. Putnam County Beer Board, supra,* when this Court held that the Beer Committee, being the committee of the quarterly court, that such court was the exclusive forum in which a test of the validity of the election of the committee members could be raised. This holding is in no wise in conflict with that of *Crowe v. Carter County,* 195 Tenn. 659, 263 S.W.2d 509. It is not necessary for us to again review what was so well said in the Putnam County case, the question here raised being the first question therein raised and determined.

■ This Committee, in the instant case, having acted, and asserted at various times herein that they had been recognized by the courts over a period of years and acted otherwise on these beer permits, were given the indicia of reputation of being the Beer Committee of Sullivan

County and such being true they were at least a *de facto* committee and beyond the collateral attack of third parties. See *Ridout v. State,* 161 Tenn. 248, 30 S.W.2d 255, 71 A.L.R. 830, wherein this question is directly decided. It is true the Ridout case did not concern the formation and action of a beer committee or a beer board but the determination of the action there of a trial judge in submitting the matter to the grand jury was of equal force and importance as that of the action of a beer committee.   Mr. Justice Chambliss speaking for the Court in that case has very ably and fully taken up the definitions of *de facto* officers, when they may act and when they may not act.   The reasoning there is equally applicable here and it is not necessary for us to again repeat what is so well said there.

This Committee, those who acted in the instant case, was composed of three men.   Apparently the Committee as originally appointed had been five but at the time of this hearing there were only three present, two of these three were recognized by the plaintiff in error as being members of that Committee.   It was only Mr. Thomas' membership that was challenged.   We think that the questions raised on the actions of this Committee have been correctly decided by the trial court and there is no error in his decision thereon.

■ The record here is made up of testimony of two or three deputy sheriffs and other citizens of Sullivan County who testify that they saw beer sold and they bought beer by the case and that they were not retailers but just private citizens.   There is no question raised by the plaintiff in error about who beer was sold to. On Saturday afternoons there would be forty or fifty cars parked around the place and traffic was congested and

jammed there. This clearly would indicate that there was a retail disposition being made of beer at this point. According to the record, and this merely appears by one of the various statements of counsel in the long colloquys between counsel in this record, that this man held a wholesale permit and did a wholesale business. Clearly as the term wholesaler or wholesale permit is applied under the evidence of this record there was a violation of the term wholesaler and the plaintiff in error was doing a retail business.

The proof also is by some two or three witnesses that this place of business was within 873 feet of a church. There were a number of other churches and a school or so within close proximity. The question of how the distance was measured to this church was argued at length. The general rule is, unless otherwise specifically provided by statute, that:

"the distance contemplated by a statute or regulation prohibiting the granting of a license for the sale of intoxicating liquors, or traffic therein, within a certain distance of a named institution or place (e. g. church, school, hospital, soldiers' home, training camp), must be measured in a straight line, rather than in some other manner, such as by the usually traveled route or the street lines." 96 A.L.R. 778.

So far as we can find this is the rule all over the United States. The method was used in measuring here and one church at least was within the 2,000 feet limit.

There was no showing in the record, one way or the other, whether or not the Quarterly County Court of Sullivan County had ever passed a resolution prohibiting beer places from being within 2,000 feet of a church, school, etc. This Beer Committee presumed here that

there was such a resolution and that is part of the reason that they revoked this permit, that is, because a church was within 2,000 feet of this beer establishment. The plaintiff in error offers no proof to the contrary. We pretermit the question of whether in the absence of the proof to the contrary the Committee is presumed to be acting within authority given them by a resolution appointing them and that such presumption should and will maintain until the contrary is shown.

T.C.A. sec. 57-205 is the Code Section which applies to one seeking a license to dispense beer. Among other things in this section is the provision that in granting these licenses it shall be established:

"that no such beverages will be sold except at places where such sale will not cause congestion of traffic or interference with schools, churches, or other places of public gathering, or otherwise interfere with public health, safety and morals; the county court having the right to forbid such storage, sale or manufacture at places within two thousand (2000) feet of such places of public gatherings in its discretion."

This is the provision of the statute which gives the county court the right to forbid the sale within 2,000 feet and other prohibitions.

T.C.A. sec. 57-209 is the Code Section governing the revocation of permits or licenses. We think that it is obvious and must be true that if it is shown that one who has been granted a license must have shown the authority who granted him the license that he was not violating any of the provisions of the section last above quoted to get a license. This license may be revoked if it is shown that his business is "being maintained and operated in such manner as to be detrimental to public

health, safety or morals". And it is further provided in this section that a revocation "may be made for any violation of any provision of this chapter * * *". Clearly under the proof herein, as above indicated, there was material evidence offered which, aside from the 2,000 feet limit, showed a violation of the provisions of the Code governing the granting of a license. There was absolutely no proof offered to the contrary. The plaintiff in error did not take the stand or offer any proof.

We have read this record, the briefs (have done some independent investigation) and listened to the arguments with a great deal of interest, but after doing so there is nothing in the world that we can do about the matter in view of the statutes and decisions on the question except to affirm the judgment below with costs.