**SERV–U–MART, INC.,** Appellant,

v.

**SULLIVAN COUNTY, Tennessee, and Sullivan County Beverage Board,** Appellees.

Supreme Court of Tennessee.

Sept. 15, 1975.

Joe A. Tilson, Taylor, Inman & Tilson, Morristown, for appellant.

Luther A. Icenhour, Jr., Icenhour, Wohlford & Miller, Bristol, for appellees.

## OPINION

FONES, Chief Justice.

After a final decree in the Chancery Court sustaining the action of the Sullivan County Beer Board revoking a beer permit because the location was within two thousand (2,000) feet of a school, appellant sought a new trial or amendment of the judgment. In support of the relief sought, appellant alleged *new* facts, to wit, that seven (7) other establishments were operating in violation of the two thousand (2,000) foot rule pursuant to permits that had not been revoked. Appellant alleged in its motion that such discriminatory application was declared impermissible in *Sampson v.*

*Roane County,* an unreported decision of this Court released on December 3, 1973.

This case was heard in the Chancery Court on October 5, 1973, and the decree entered on December 11, 1973. Appellant alleges that *Sampson* was not available to the litigants or the court prior to the entry of the final decree. The action of the trial judge in overruling the motion for a new trial or in the alternative, to alter or amend judgment is the only question before us.

## I.

The petition for the writ of certiorari filed in the Chancery Court seeking review of the action of the Beer Board alleges that appellant was issued a license on April 3, 1972, and that following a hearing on May 14, 1973, its license was revoked on September 13, 1973, upon the sole ground that its location was within two thousand (2,000) feet of a school. The petition alleges that T.C.A. § 57–205 authorizes a county court or committee appointed by it the discretion of granting or denying permits for locations within two thousand (2,000) feet of schools, churches, or other places of public gathering. The petition alleges that the private act and the resolution of the county court of Sullivan County adopting same contains an absolute prohibition and takes away the discretionary power authorized by state law with respect to the two thousand (2,000) foot rule. Appellant asserted in their pleadings and upon the hearing that the rule, as adopted in Sullivan County was unconstitutional on the principle that a local law cannot supersede a general state law.

The only other issue raised in appellant's petition to the Chancery Court was the assertion that its location was more than two thousand (2,000) feet if measured by the public road. *Jones v. Sullivan County Beer Board,* 200 Tenn. 301, 292 S.W.2d 185 (1956), established the rule that the measurement is made in a direct line. Appellant conceded in open court that *Jones* controlled that issue.

The learned Chancellor held in his decree of December 11, 1973, that the private act in question, chapter 554, Private Acts of 1935, ratified in July 1939 by the Sullivan County Court was a constitutional act prohibiting the sale of beer at a location within two thousand (2,000) feet of a church, school, etc., and upheld the revocation of appellant's license. While appellant had argued that it was impossible to locate an establishment to sell beer that would not be within two thousand (2,000) feet of a public gathering place, no issue of discriminatory application based upon specific permits issued and in use was pled or presented and the Chancellor correctly decided the only issue before him at the hearing on the petition for certiorari.

In *Sampson,* the county had not adopted a two thousand (2,000) foot rule. Nevertheless, we agree that there can be no discriminatory application of a two thousand (2,000) foot rule before or after adoption of a resolution embracing the rule. The phrase, "in its discretion," appearing in T.C.A. § 57–205 must be interpreted to mean that a county has a discretion as to whether or not a two thousand (2,000) foot prohibition will be adopted in the first instance. After adoption, a finding of discretionary application will invalidate the rule.

It is clear that the decision of this Court in *Sampson* prompted appellant to file a motion for a new trial or motion to alter or amend judgment. The motion alleges facts for which there was no foundation whatever in its petition for certiorari, and presents an issue not previously asserted.

The discovery of new evidence which could not have been previously discovered by due diligence may be the ground for a rehearing in Chancery, but such evidence must be pertinent to the issue raised by the pleadings. If new facts are discovered constituting a new issue not asserted at the trial, they may be brought before the Court by a supplemental bill in the nature of a bill of review, but again, only if the new proof

could not possibly have been used at the trial. See Gibson, Suits in Chancery, fifth edition, § 1280 and § 1288. Appellant did not assert in its motion that the proof sought to be adduced at the new trial was not available at the time of the hearing. And, by the nature of the facts themselves, it appears that such proof was available.

It is well settled in this state that a party cannot raise a new issue, or present a new line of proof, on motion for a new trial, that was not within the scope of the pleadings and was not presented to the court at the trial of the case. *Heggie v. Hayes,* 141 Tenn. 219, 208 S.W. 605 (1918); *Tennessee Oil Company v. McCanless,* 178 Tenn. 683, 162 S.W.2d 1081 (1941); *Troxell v. State,* 179 Tenn. 384, 166 S.W.2d 777 (1942).

## II.

This appeal must be dismissed for an additional reason. Appellant's assignment of error, brief and argument bypass the issue of whether or not it is entitled to a new trial and urges this court to decide the case on its merits by reversing the Chancellor's decree of December 11, 1973, and ordering the restoration of its beer permit.

The posture of the case is such that we cannot reach the merits if we were disposed to hold the Chancellor in error for not granting a new trial, but appellant has no assignment of error that touches that issue.

Subsequent to the filing of its motion and prior to its presentation, appellant filed a written stipulation that in substance recited that seven (7) named permittees were operating at locations that violated the two thousand (2,000) foot rule. The learned Chancellor correctly refused to consider the stipulation but incorrectly refused to allow its inclusion in the bill of exceptions. Upon proper application this court directed that the stipulation be included in the bill of exceptions. Contrary to the apparent assumption of appellant, the stipulation is not conclusive on the issue of discriminatory

application. Although de hors the record, Sullivan County asserts that it is in the process of bringing about uniform application of the rule.

We affirm the Chancery Court and dismiss the appeal, without prejudice to appellant's right to apply for a beer permit, testing the question of discriminatory application of the two thousand (2,000) foot rule in Sullivan County. Costs are adjudged against the appellants.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.