**David SEAY and Winn-Dixie, Inc., Appellants,**

v.

**KNOX COUNTY QUARTERLY COURT et al., Appellees.**

Supreme Court of Tennessee.

Oct. 11, 1976.

James A. McIntosh, Ambrose, Wilson, Lockridge & Grimm, Knoxville, for appellants.

Charles A. Maner, Jr., Knox County Law Director, J. Michael Haynes, Jr., Asst. Knox County Law Director, Knoxville, for appellees.

OPINION

FONES, Justice.

This is another case involving a denial of a permit to sell beer. Appellants, a grocery store and its owner, contend that the Beer Board discriminatorily applied the two thousand (2,000) foot rule when it denied the store's application for a permit. After three unsuccessful attempts to obtain a permit from the Beer Board, appellants petitioned and were granted a writ of certiorari and trial de novo in chancery court. The Chancellor upheld the denial of a permit.

At the trial in chancery court all facts were stipulated. From these facts it appears that the Knox County Quarterly

Court and Beer Board adopted the two thousand (2,000) foot rule on February 22, 1974. Appellants applied for beer permits on three (3) different occasions in 1975. On all three occasions the Beer Board's basis for denying appellant's application was the presence of a church within two thousand (2,000) feet of the store. It was further stipulated that there were at least three (3) other beer establishments in the same particular neighborhood that were also closer then two thousand (2,000) feet to a church. All three still retain their permits to sell beer.

The pertinent part of T.C.A. § 57–205 provides:

"Third, that no such beverages will be sold except at places where such sale will not cause congestion of traffic or interference with schools, churches, or other places of public gathering, . . . the county court having the right to forbid such storage, sale or manufacture at places within two thousand (2,000) feet of such places of public gatherings in its discretion."

 We said in *Serv-U-Mart Inc. v. Sullivan County*, 527 S.W.2d 121 (Tenn.1975):

"The phrase, 'in its discretion,' appearing in T.C.A. § 57–205 must be interpreted to mean that a county has a discretion as to whether or not a two thousand (2,000) foot prohibition will be adopted in the first instance. After adoption, a finding of discretionary application will invalidate the rule." 527 S.W.2d at 123.

It is evident from the fact that three (3) other establishments retain their license in violation of the rule that there has been "discretionary application" in its enforcement. This is sufficient to invalidate the rule.

The chancellor denied the permit, as did the Board upon the sole ground that the location of the premises of the permittee was only 733.4 feet from a church.

The effect of discriminatory application of the two thousand (2,000) foot rule is to completely remove, as a valid ground for denial of a beer permit, proximity measured in feet, to a school, church or other place of public gathering. Under the third requirement of T.C.A. § 57–205 a finding of traffic congestion or interference, with schools, churches, etc., may justify a denial of a permit only if supported by facts other than mere proximity in feet to such institutional establishments.

The chancellor's decree is reversed and the cause remanded to the Chancery Court of Knox County for further proceedings consistent with this opinion. Costs are assessed against the appellees.

COOPER, C. J., and HENRY, BROCK, and HARBISON, JJ., concur.