STATE of Tennessee ex rel. Nathaniel POLIN and Jay D. Harbison et al., Appellants,

v.

Melvin HILL et al., Appellees.

Supreme Court of Tennessee.

March 14, 1977.

R. Thomas Stinnett, Stone & Hinds, P. C., Knoxville, for appellants.

W. W. Kennerly, Kennerly, Montgomery, Howard & Finley, Knoxville, Tenn., R. B.

Hailey, Hailey, Waters, Jarvis, & Sykes, Sevierville, for appellees.

### OPINION

FONES, Justice.

In this action for the writ of mandamus the issue is whether or not a municipality can refuse issuance of a license pursuant to the State Business Tax Act, T.C.A. § 67–5801 et seq. on the grounds the applicant was in violation of one or more municipal ordinances.

The complaint filed by four (4) relators identifies them as having been engaged in business in Gatlinburg for several years prior to the events giving rise to this suit. The substance of the complaint is that each had tendered the proper amount of the tax prescribed by the Business Tax Act to the official of Gatlinburg charged with the responsibility of collecting said tax and issuing the license; that said official refused to issue either of them a license on the stated ground that their businesses would have to be relocated.

Defendants filed an answer admitting the refusal to issue licenses to relators, and affirmatively plead facts said to constitute a violation of Ordinance 330, and a violation of a zoning ordinance; that Ordinance 330 prohibits any activities that interfere with the normal use of adjacent sidewalks and the zoning ordinance prohibited the location of any business within ten (10) feet of the Parkway sidewalks.

Relators filed a written motion for judgment on the pleadings, pursuant to Rule 12.03 T.R.C.P. That motion was overruled, the case was tried and a decree entered in favor of one relator and against the other three. The findings of the trial judge stated in the decree are, merely, that sufficient cause was not shown by the city to refuse issuance of a license to relator Polin, but sufficient cause was shown as to the other relators.

The learned trial judge was in error in refusing to grant the motion for judgment on the pleadings. No specific assignment of error is directed to that action, but the assignments of error adequately invoke the same legal principles upon which said motion should have been decided in favor of relators.

The Business Tax Act codified in Title 67, Chapter 58 T.C.A. imposes taxes upon the vocations, occupations and businesses enumerated therein and authorizes each county and/or incorporated municipality to levy and collect, from businesses located therein, a privilege tax in an amount not to exceed the rate provided in the Act, a portion of which is to be forwarded to the State. It provides a comprehensive scheme for the taxation of business privileges.

Tennessee Code Annotated § 67–5819 provides as follows:

"*67–5819. License—Issuance—Exhibition.*—Upon receipt of the minimum tax prescribed by this chapter, together with penalties and interest prescribed in this chapter if such payment is delinquent, it shall be the duty of each collector to issue a license to the taxpayer. It shall be the duty of each taxpayer to exhibit the license so received."

The only condition precedent to the issuance of the license is payment of the tax and no grounds are provided upon which to predicate a refusal to issue said license.

Defendants asserted as authority for refusing to issue business licenses to relators, Section 5 of Ordinance # 330. That section provides as follows:

"SECTION 5. That any officer or employee of the City of Gatlinburg charged with the responsibility of issuing privilege licenses is hereby authorized to refuse to issue a Privilege license to any applicant when it is apparent that the contemplated activities under the privilege license for which application is made, clearly involve activities made unlawful by this ordinance."

In *Robinson v. Mayor of Franklin*, 20 Tenn. 156 (1839), it was held that "A corporation can pass no by-law inconsistent with

the constitution and laws of the state." 20 Tenn. at 160, 161.

One of the issues in *State ex rel. Nashville Pure Milk Co. v. Town of Shelbyville et al.*, 192 Tenn. 194, 240 S.W.2d 239 (1951) was whether Shelbyville could refuse to issue a permit for the sale and distribution of milk within its corporate limits to a milk producer who had complied with the general law of the State but who had failed to pass the more stringent requirements of a town ordinance. This Court responded to that issue in part as follows:

"The governing authority of the Town of Shelbyville exercises its police power pursuant to the express authority of the State. Any ordinance which it might enact relating to the inspection of dairies, and milk processing plants, must be reasonable and not in conflict with the general law. There could be no valid prohibition of the sale and distribution of articles of legitimate commerce within the municipality, which had been approved by duly constituted authority of the State and U.S. Public Health Service." 192 Tenn. at 203, 240 S.W.2d at 243.

After the *Shelbyville* decision the Legislature amended the milk laws expressly granting cities the power to make ordinances requiring tests more stringent than the general law. In *State v. Mayor and Aldermen of Town of Fayetteville et al.*, 196 Tenn. 407, 268 S.W.2d 330 (1954), we passed approvingly on said amendment with the following caveat:

"The Legislature has granted to the city the power to enact ordinances to guard the public health and by the amendment here in question granted the city the right to make these restrictions greater than those required in the State as a whole. But in doing so the city may not pass an ordinance which ignores the State's own regulatory acts, or deny rights granted by the State or grant rights denied by the State and thus in effect nullify the State law." 196 Tenn. at 415, 416, 268 S.W.2d at 334.

Section V of Ordinance 330 cannot be used to deny relators the right to procure a license required by the Business Tax Act, a state law of general application. Nor can the zoning ordinance be enforced by the indirect method employed here.

Enforcement of these ordinances must be by direct proceedings as prescribed by law wherein the possession or non-possession of the privilege license required by T.C.A. § 67–5819 is as irrelevant as compliance or non-compliance with said ordinances are to this proceeding.

The judgment of the trial court is reversed. This cause is remanded to the Sevier County Circuit Court for the entry of a decree granting the relief prayed for in the complaint. Costs are adjudged against the City of Gatlinburg.

COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.