CITY OF MURFREESBORO et al., Appellants,

v.

Gary DAVIS, d/b/a Davis Cee Bee, Appellee.

CITY OF MURFREESBORO et al., Appellants,

v.

Eddie PILKINGTON, d/b/a Tom Thumm Market, Appellee.

Supreme Court of Tennessee.

Aug. 21, 1978.

Thomas L. Reed, Jr., Reed & McHale, Murfreesboro, for appellants.

John S. Lansden, Murfreesboro, for appellees.

## OPINION

FONES, Justice.

Davis and Pilkington filed separate applications for permits to sell packaged beer at locations in the City of Murfreesboro. Both permits were denied by the city recorder and the City Council. Davis and Pilkington filed petitions in the Chancery Court for the statutory writ of certiorari pursuant to T.C.A. § 57–209, alleging that the city had issued permits and licenses for the sale of beer at locations within 2,000 feet of schools, churches or other places of public gathering and denial of their permits on that ground deprived them of the equal protection of the law. The City answered, denying discriminatory enforcement and asserting that Davis and Pilkington were denied permits because their locations do not comply with the 2,000-foot ordinance and were in highly congested areas rendering the sale of beer therein contrary to the best interest of the people of the City of Murfreesboro.

The learned Chancellor found discriminatory application of the 2,000-foot rule rendered that ordinance of no force and effect, and ordered that permits of license be issued in accord with the applications of Davis and Pilkington. The congested area defense was overruled. The Chancellor noted in his memorandum opinion that it was only casually mentioned in the proof and not seriously relied upon.

The Chancellor found that Shakey's Pizza Parlor·was located the following distances from the schools, churches or other places of public gathering indicated: 1946.8 feet from McFadden Elementary School; 1202.6 feet from the Pentecostal House of Prayer; 1070.6 feet from the State Vocational School; 1423.3 feet from the ball field at the Agricultural Center; 1808.3 feet from the Agricultural Center; 1740 feet from the Franklin Road Church of Christ. Those distances were shown on Exhibits 6 and 17 introduced by stipulation of all parties.

The Chancellor found that Oriental Gardens was issued a package beer permit in spite of a footnote placed on the application that it was within 1825 feet of a building located on church property used as a gymnasium; that the gymnasium was "part of a complex of buildings used by the Catholics in the community". We add to that finding that the deposition of Father Joseph Brinn established that the use of the gymnasium clearly made it an integral part of the religious, cultural and social activities of the church and for the purpose of proximity to a "church", pursuant to a 2,000 foot rule, indistinguishable from the church or sanctuary where the more formal worship services were conducted.

The third violation found by the Chancellor was a 7–11 store within 2,000 feet of a dormitory building on the Middle Tennessee State University Campus.

The distances involved in the three violations were measured by the straight-line

method. In *Jones v. Sullivan County Beer Board,* 200 Tenn. 301, 292 S.W.2d 185 (1956), this Court established the rule that in the application of a 2,000-foot requirement authorized by the Legislature under T.C.A. § 57–205, the measurement is made in a direct line. The rule was approved in *Serv-U-Mart, Inc. v. Sullivan County,* 527 S.W.2d 121 (Tenn.1975).

Appellant, City of Murfreesboro, admits that the straight-line method was applicable prior to the date it amended its ordinances, but insists that an amendment effective June 4, 1976, governs these applications and that there is no evidence in the record to show the measurements over the public streets; that the amendment has therefore rendered appellees' claim of discretionary enforcement moot. But the real thrust of the City's advocacy is that the question of whether or not there has been any discriminatory application of its distance ordinance must be tested by the amended ordinances rather than the ordinances in effect prior to June 4, 1976, and further that these amended ordinances have cured all violations. That position is untenable.

Pilkington filed his application for a beer permit on April 10, 1976, and the application of Davis was filed on May 10, 1976. Their cases were consolidated for trial in the Chancery Court with the case of *Robert Eugene Fortner v. City of Murfreesboro.* Fortner's case was severed on appeal and will be dealt with in a separate opinion, but the Bill of Exceptions is the same in all three cases. Fortner filed an application for a permit to sell beer for consumption on the premises on May 4, 1976. The three applicants acknowledged on the face of each of their applications that the respective locations were within 2,000 feet of a school, church, or public gathering place. Fortner's appeal to the City Council from the city recorder's denial of his permit was filed May 13, 1976. His lawyer appeared before the City Council on May 20, and June 3, requesting action on his application,

which was not forthcoming. In fact, the Murfreesboro City Council has not acted on his request to this day.

On May 20, 1976, the Murfreesboro City Council passed a number of amendments to its beer ordinances which became effective fifteen days later, June 4, 1976. The changes relevant here are summarized as follows: (1) enacted a section imposing a 1,000 foot rule for locations selling packaged beer, leaving the 2,000 foot rule applicable to locations selling beer for consumption on the premises; (2) defined "school" to mean only primary or secondary public school buildings; (3) defined the method of measurement as from the property line of the applicant to the property line of the institutions or facilities "by way of the closest route between same over public streets and not crossing any property lines."

The Chancellor found that:

"[T]he action of the City Council to amend was an acknowledgement that it had discretionarily issued permits in violation of its ordinance and no revocation action had been taken with respect to same. It further finds that the only effort to correct the difficulty was by the amendment and that a fair interpretation of Councilman Jackson (and all the Council's) testimony acknowledged this to be the case."

We concur in that finding but it is not essential to the decision in this case. Parenthetically, Councilman Jackson acknowledged that some of the Shakey's violations had been called to the Council's attention but they had rejected revocation of that permit because it would be harmful to "innocent third parties."

The permits and licenses issued to Shakey's, Oriental Gardens and the 7–11 Store were issued pursuant to the distance ordinance in effect prior to June 4, 1976, and in violation thereof. Discriminatory enforcement having been established, any distance ordinance is completely removed as a valid ground for denial of a beer permit. *Seay v.*

*Knox County Quarterly Court*, 541 S.W.2d 946 (Tenn.1976).

In *Serv-U-Mart, Inc. v. Sullivan County, supra,* we held that the discriminatory enforcement of a 2,000 foot rule, authorized by T.C.A. § 57–205, invalidates the rule. In *Seay v. Knox County Quarterly Court, supra,* we held that a showing that three establishments in the county retained their licenses in violation of the rules supported a finding of discriminatory enforcement, invalidating its 2,000-foot rule.

■ Discriminatory enforcement of a beer permit distance ordinance cannot be rectified by post facto amendments. Restoration of the validity of a distance ordinance can only be achieved by revocation or other elimination, such as attrition, of the discriminatorily-issued permits and licenses.

■ The Chancellor also held that the City could not redefine "school" and "public meeting place", but held that it could define the method of measurement contrary to the definition in *Jones v. Sullivan County Beer Board, supra,* and *Serv-U-Mart, Inc. v. Sullivan County, supra.* Terms that have established definitions by a combination of statute and case law must be given uniform application by the cities and counties of this State in exercising the powers granted them by the Legislature to regulate the sale of beer. The power to "otherwise specifically provide[d] by statute" [1] a method of measurement resides in the Legislature, not the cities and counties of this State. The fact that cities have been granted wider discretionary powers than counties by T.C.A. § 57–208 in the area of fixing zones and territories, providing hours of opening and closing and such other rules and regulations as will promote public health, morals and safety does not authorize municipal ordinances conflicting with these established definitions. See *State v. Hill*, 547 S.W.2d 916 (Tenn.1977); *State v. Mayor of Fayetteville*, 196 Tenn. 407, 268 S.W.2d 330 (1953); and *Robinson v. Mayor of Franklin*, 20 Tenn. 156 (1839).

The decree of the Chancery Court of Rutherford County is affirmed and the cause is remanded for the enforcement thereof. Costs are adjudged against the City of Murfreesboro.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.

---

1. *Jones v. Sullivan County Beer Board*, 200 Tenn. at 306, 292 S.W.2d at 187.