**RUTHERFORD COUNTY BEER BOARD, Appellant,**

v.

**David ADAMS, d/b/a 96 Market, Appellee.**

**RUTHERFORD COUNTY BEER BOARD, Appellant,**

v.

**Thomas McCLAIN and Frank McClain, d/b/a Eldorado Recreation Club, Appellees.**

Supreme Court of Tennessee.

Oct. 10, 1978.

Wm. T. Sellers, Murfreesboro, for appellant.

John S. Lansden, John G. Mitchell, Jr., Murfreesboro, for appellees.

## OPINION

BROCK, Justice.

The Beer Board of Rutherford County appeals from the decree of the Chancery Court which granted to the plaintiffs in these consolidated cases permits for the sale of beer at retail.

The defendant beer board refused to issue permits to the plaintiffs upon the ground that their premises were located, in each instance, within 2,000 ft. of schools, churches, or other places of public gathering. T.C.A., § 57–205, authorizes counties to forbid the sale of beer within 2,000 ft. of such places of public gatherings and, pursuant to this statute, the Rutherford County Quarterly Court in 1939 adopted a resolution forbidding the issuance of permits to sell beer "within 2,000 ft. of any church, school or other place of public gathering."

The plaintiffs, however, contend that the "2,000 ft. rule" has been invalidated by the action of the Rutherford County Beer Board in issuing permits for the sale of beer at retail to other applicants whose premises were located less than 2,000 ft. from a church, school or other place of public gathering.

This Court has held in clear and unmistakable terms that T.C.A., § 57–205, authorizes a county, in its discretion, to adopt or not to adopt the 2,000 ft. prohibition but that, once the prohibition is adopted, it must be uniformly applied to everyone and that any discretionary application of it is invalid. *Serv-U-Mart, Inc. v. Sullivan County,* Tenn., 527 S.W.2d 121 (1975); *Seay v. Knox County Quarterly Court,* Tenn., 541 S.W.2d 946 (1976); *City of Murfreesboro v. Davis,* Tenn., 569 S.W.2d 805 (1978). In the *City of Murfreesboro* case, this Court said:

"Discriminatory enforcement having been established, any distance ordinance is completely removed as a valid ground for denial of a beer permit. (Citation omitted.)

"In *Serv-U-Mart, Inc. v. Sullivan County, supra,* we held that the discriminatory enforcement of a 2,000 ft. rule, authorized by T.C.A. § 57–205, invalidates the

rule. In *Seay v. Knox County Quarterly Court, supra,* we held that a showing that three establishments in the county retained their licenses in violation of the rules supported a finding of discriminatory enforcement, invalidating its 2,000-ft. rule." 569 S.W.2d at 807.

■ The record in the instant case shows that in recent years several permits have been issued by the Rutherford County Beer Board for the sale of beer at establishments located within less than 2,000 ft. of a church, school or other place of public gathering, thus, under the above authorities, invalidating the 2,000 ft. rule in Rutherford County. This has been especially true since 1969. These being the facts, the defendant beer board cannot rely upon the 2,000 ft. prohibition in denying permits to the plaintiffs. No other reason is alleged or shown in the record for denial of permits to the plaintiffs.

■ The decree of a trial court granting or denying a beer permit comes to this Court accompanied by a presumption of correctness and the burden is on the appellant to show that the evidence preponderates against the judgment of the trial court. *Gibson v. Ferguson,* Tenn., 562 S.W.2d 188, 189 (1976); *Adams v. Monroe County Quarterly Court,* 214 Tenn. 270, 379 S.W.2d 769, 771 (1964); *Cantrell v. DeKalb County Beer Board,* 213 Tenn. 568, 376 S.W.2d 480 (1964). In this case the defendant has failed to carry that burden; the record abundantly supports the finding of the Chancellor that the Rutherford County 2,000 ft. rule has been invalidated by discretionary, discriminatory application of it.

■ The defendant Beer Board argues that, as presently constituted, it has never issued a beer permit to an applicant whose place of business is located within 2,000 ft. of a school, church or other place of public gathering and that the discriminatory and discretionary application of the 2,000 ft. rule in Rutherford County was by their predecessors in office for whose conduct they are not accountable. This argument is without merit; the Rutherford County Beer

Board is the legal entity, the instrument of government, rather than the individual members constituting the board at any given time. The issue is not whether the present members of the Rutherford County Beer Board have discriminatorily and discretionarily applied the 2,000 ft. rule but whether the board, as a continuing entity of government, has engaged in such discriminatory and discretionary application.

The decree of the Chancellor in these cases is affirmed and the costs are assessed against the appellant, the Rutherford County Beer Board.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.