

# The Attorney General of Texas

May 27, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George M. Cowden
Public Utility Commission of Texas
7800 Shoal Creek Boulevard
Austin, Texas 78757

Honorable Tom Creighton
Chairman
Senate Committee on Economic
Development
Senate Chamber
State Capitol
Austin, Texas 78711

Opinion No. MW-183

Re: Validity of section 87A, of
art. 1446c, V.T.C.S.

Dear Sirs:

Chairman Cowden has requested our opinion concerning the constitutionality of section 87A of article 1446c, V.T.C.S. He has asked whether these provisions violate article 3, section 56 of the Texas Constitution which prohibits the enactment of certain local and special laws.

Section 87A provides as follows:

> (a) The provisions of this section apply notwithstanding any other provision of this Act.

> (b) Water and sewer utility property in service which was acquired from an affiliate or developer prior to September 1, 1976, included by the utility in its rate base shall be included in all ratemaking formulae and at the installed cost of the property rather than the price set between the entities. Unless the funds for this property are provided by explicit customer agreements, the property shall be considered invested capital and shall not be considered contributions in aid of construction or customer-contributed capital.

> (c) Depreciation expense included in cost of service shall include depreciation on all currently used, depreciable utility property owned by the utility.

Honorable George M. Cowden &
Honorable Tom Creighton     - Page Two     (MW-183)

As you state in your request, the intent of the bill appears to be to require the Commission to include in the invested capital or rate base of water and sewer utilities all property contributed to the utility by developers or affiliates prior to September 1, 1976 and to allow such utilities a return on this type of property and depreciation expense for such.

Senator Creighton asks three questions which must be answered only if the statute is found to be constitutional.

Where the statutory challenge is grounded on special or local characteristics, the Texas courts have developed specific tests to be applied in determining constitutionality. Classifications appearing to be special or local have been held valid if: (1) there exists a reasonable relationship between the classification and the object sought to be classified; (2) the classification is not an arbitrary device to disguise a special or local law; and (3) the law in question operated equally on all members of the classification. Robinson v. Hill, 507 S.W. 2d 521 (Tex. 1974); Smith v. Davis, 426 S.W. 2d 827 (Tex. 1968); County of Cameron v. Wilson, 326 S.W. 2d 162 (Tex. 1959). If the practical effect of the classification is such that others can fall within the classification, the statute is not special or local in nature. City of Fort Worth v. Bobbit, 41 S.W. 2d 228 (Tex. Comm'n App. 1931); Creps v. Board of Fireman's Relief and Retirement Fund Trustees of Amarillo, 456 S.W. 2d 434 (Tex. Civ. App. - Amarillo 1970, writ ref'd, n.r.e.).

However, a recent case involving the Public Utility Regulatory Act involved a class closed by date. There, as here, portions of the Act applied to utilities falling within a class defined by date. The court concluded:

> Not only must a classification be broad enough to include a substantial class based on characteristics legitimately distinguishing that class from others, but the legislation must be intended to apply uniformly to all municipalities that may in the future come within the classification designated.

Morris v. City of San Antonio, 572 S.W. 2d 831, 833-834 (Tex. Civ. App. - Austin 1978, no writ). Under section 87A no utility can qualify for the rate treatment afforded by the statute after September 1, 1976. It has been urged in briefs submitted to this office that the September 1, 1976 cut-off date established a reasonable classification since that was the date the rate jurisdiction of the Commission became effective. It is difficult to perceive, however, any reasonable basis for treating systems acquired by utilities before that date differently than systems acquired after that date particularly when the legislation was enacted more than two years after rate jurisdiction attached. Accordingly, we believe section 87A is a local or special law and is thus unconstitutional. In light of our determination on the constitutional question, we need not address Senator Creighton's questions.

## S U M M A R Y

Because section 87A of article 1446c, V.T.C.S., creates a closed class of water and sewer utilities, it is unconstitutional as a special law in violation of article 3, section 56 of the Texas Constitution.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Scott Wilson
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Rick Gilpin
Andy Kever
J. Scott Wilson
Bruce Youngblood