Gaylon REAGOR, Plaintiff-Appellee,

v.

DYER COUNTY and Dyer County Commissioners, Defendants-Appellants.

Supreme Court of Tennessee,
at Jackson.

May 23, 1983.

James E. Lanier, Dyersburg, for defendants-appellants.

Charles S. Kelly, Dyersburg, for plaintiff-appellee.

## OPINION

DROWOTA, Justice.

The Plaintiff, Gaylon Reagor, d/b/a Hilltop Stop-N-Shop, petitioned the circuit court of Dyer County for a writ of certiorari to compel the Dyer County Beer Board to issue a beer permit for his establishment. The petition alleged the board denied the Plaintiff's application for a permit on the ground that his place of business was within two thousand feet of a church. The petition further alleged that at least three other businesses in the county were within two thousand feet of a church and that those businesses hold and operate under beer permits issued by the Defendants in this cause. The petition concluded the board applied the 2,000 feet rule in an unlawfully discriminatory manner and, therefore, the rule was invalid. The court issued the writ, and the Defendants answered, denying the rule was applied discriminatorily.

The board argued at trial that it had been consistent in denying permits to businesses within two thousand feet of churches, with the one exception of Big Boy Junction. That permit was approved because the original business which sold beer at that location was there before the church. The church had been located near the business site for about 12 years prior to the November 1978 application. The board argued that four other businesses which were in

violation on the 2,000 feet rule were approved by the previous board, and that such approval was due primarily to incorrect information in the applications. In addition, the board maintained that it had adopted a policy of attrition whereby no renewed permits will be granted to new owners of these business locations.

After hearing the testimony of witnesses and reviewing the record, the trial court found five permit holders whose business locations were within two thousand feet of a church or churches. The following is a list of those businesses:

| Date of Approval | Name | Distance |
|---|---|---|
| September 1975 | The Bucket | 993 feet |
| March 1976 | Mid-Way Inn | 1830 feet |
| August 1976 | Edd's Dipper | 840 feet |
| May 1978 | Joe's Place | 486 feet |
| November 1978 | Big Boy Junction | 300 feet |

The court found "the new board has indeed exercised good faith and has been consistent except for the Big Boy Junction location (which it felt merited special status due to its unique factual circumstances)." The relief sought by the Plaintiff was granted.

█ The Defendants appeal directly to this Court, pursuant to T.C.A. § 57–9–203(e), asking us to review the trial court's decision. In bringing this appeal, however, the Defendants have certified only the record of pleadings to this Court. That record contains the trial court's findings of fact and conclusions of law, but it does not contain, nor is there any other volume which contains, a transcript of the evidence. As it is the Defendants' burden to bring before us all that is needed to rule on their arguments, we must assume there are no factual issues which we need decide. *See J.B. Pepper v. Gainesboro Telephone Co.*, 1 Tenn. App. 175, 176 (1925). We must accept the findings of fact of the trial court.

█ On numerous occasions we have said that once a county adopts a rule requiring a beer permit applicant's business site be 2,000 feet from the nearest church, school or public place, pursuant to T.C.A. § 57–205, the rule must be applied consistently and without discrimination. *E.G., Rutherford County Beer Board v. Adams*, 571 S.W.2d 830 (Tenn.1978); *Serv-U-Mart,*

*Inc. v. Sullivan County*, 527 S.W.2d 121 (Tenn.1975). Any discriminatory application invalidates the rule. *Id.* As the trial judge noted, the fact that Joe's Place, Edd's Dipper, Mid-Way Inn and The Bucket were granted permits by the previous board is not determinative. The issue is not whether the present members of the beer board have discriminatorily applied the 2,000 feet rule, but whether the board, as a continuing entity of government, has engaged in such discriminatory application. *Rutherford, supra*, at 832. The present board bears the responsibility for the actions taken by previous boards. The undeniable fact is these businesses are in violation of the rule and nothing has been done about it. The trial court concluded there has been no "revocation or other elimination," which would save the rule. On the record before us, we cannot address the Defendants' argument concerning their policy of attrition. For, while the parties in their briefs agree that the board adopted a policy of not renewing any permits for establishments in violation of the rule, we have no way to review the workings of the policy. We have no way of knowing to whom, specifically, the policy would apply. We do not know when it was adopted. We know nothing about this policy other than a single statement in the briefs.

We, therefore, affirm the judgment of the trial court, holding the Dyer County 2,000 feet rule is void and of no effect, and granting the Plaintiff a permit to sell beer. The costs of this appeal are taxed to the Defendants.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.