IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 14, 2002 Session

## COX OIL COMPANY, INC. v. CITY OF LEXINGTON BEER BOARD

**An Appeal from the Chancery Court for Henderson County**
**No. 14565   Joe C. Morris, Chancellor**

---

**No. W2001-01489-COA-R3-CV - Filed October 10, 2002**

---

This is an action challenging the denial of a beer permit.  The plaintiff business applied for a beer permit with the defendant beer board.  The board denied the permit because plaintiff's location was within 500 feet of a church.  This proximity to a church was in violation of a city ordinance.  The plaintiff filed a writ of certiorari in the trial court, seeking a reversal of the board's decision because the 500-feet ordinance had been applied in a discriminatory manner.  The trial court found that the board had allowed another establishment that was within 500 feet of a church to maintain its beer permit, and concluded that the board had therefore applied the ordinance in a discriminatory manner.  Consequently, the denial of the plaintiff's beer permit was reversed.  The board now appeals that order.  We affirm, finding that the board had applied the ordinance in a discriminatory manner, and that the trial court did not err in reversing the denial of the plaintiff's beer permit.

**Tenn. R. App. P. 3; Judgment of the Chancery Court is Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., AND ALAN E. HIGHERS, J., joined.

Kenneth L. Walker, Lexington, Tennessee, for the appellant, City of Lexington Beer Board.

Stephen M. Milam, Lexington, Tennessee, for the appellee, Cox Oil Company, Inc.

**OPINION**

On October 30, 2000, Plaintiff/Appellee Cox Oil Co., Inc. ("Cox Oil"), applied to the Defendant/Appellant City of Lexington Beer Board ("the Board") for a permit to sell and store package beer.  In July 1998, the City had adopted a new ordinance, Section 8-210, which states that a beer permit may not be issued to an applicant located "within five hundred (500) feet of any hospital, school, church or other place of public gathering."  The ordinance contains a "grandfather clause," which states that "[n]o permit shall be suspended, revoked or denied on the basis of proximity of the establishment to a school, church or other place of public gathering if a valid permit

had been issued to any business on that same location as of January 1, 1993 . . . ." Cox Oil's application for a permit reflects on its face that it is located within 60 feet of a church.[1]

On November 7, 2000, the Board of County Commissioners, acting as the City of Lexington Beer Board, heard Cox Oil's application. Cox Oil's application for a beer permit was denied, based on the 500-feet rule. On December 20, 2000, Cox Oil filed a writ of certiorari in the trial court, seeking a reversal of the Board's decision because the Board had applied the 500-feet rule in a discriminatory manner. Cox Oil alleged that, on December 3, 1993, a beer permit was issued to Lexington Amoco, located adjacent to Cox Oil and also within 500 feet of a church. Cox Oil's lawsuit noted that, Lexington Amoco's beer permit had not been revoked or suspended since the enactment of the City ordinance, Section 8-210. The trial court found that the Board had allowed Lexington Amoco to keep its beer permit, and that Lexington Amoco was located within 500 feet of a church, in violation of the City ordinance. From this, the trial court concluded that the 500-feet rule was being applied in a discriminatory manner. If the ordinance is applied in a discriminatory manner, the trial court held, the "ordinance is completely removed as a valid ground for denial of a beer permit and invalidates the ordinance." On this basis, the trial court ordered the Board to issue a beer permit to Cox Oil. The Board now appeals that order.

On appeal, the Board argues that the trial court erred in relying on the permit issued to Lexington Amoco as evidence of discriminatory application of the ordinance. The Board notes that the permit was issued to Lexington Amoco in compliance with a decree of the Chancery Court of Henderson County because of past discriminatory issuance of permits in violation of the City's prior distance ordinance. Because of this, the Board maintains, there was in effect no distance ordinance in the City of Lexington at the time the permit was issued to the Lexington Amoco. In the alternative, the Board asserts that the Lexington Amoco beer permit was covered by the grandfather clause in the new distance ordinance. Finally, the Board claims that the new distance ordinance promulgated in July 1998 constituted a "new" ordinance that was adopted along with an entirely new city charter and city code. Therefore, the Board maintains, the new ordinance is not a "post facto" amendment with which all existing permits must comply.

We review the decision of the trial court de novo upon the record with a presumption of correctness of the findings of fact by the trial court. *See* Tenn. R. App. P. 13(d). We afford the trial court's conclusions of law no such presumption. *See State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn. 1997). The issue in this case is whether the evidence preponderates against the trial court's finding that the Board applied its distance ordinance in a discriminatory manner.

It is well settled in Tennessee that, once discriminatory enforcement of a distance ordinance has been established, the ordinance is invalid and is completely removed as a proper ground for denial of a beer permit. *See City of Murfreesboro v. Davis*, 569 S.W.2d 805, 808 (Tenn. 1978); *see also Reagor v. Dyer County*, 651 S.W.2d 700, 701 (Tenn. 1983); *Seay v. Knox County Quarterly Court*, 541 S.W.2d 946, 947 (Tenn. 1976); *Serv-U-Mart, Inc. v. Sullivan County*, 527 S.W.2d 121,

---

[1]The record reflects that Cox Oil's property is adjacent to the United Methodist Church.

123 (Tenn. 1975). When a permit is granted to one or more businesses in violation of the ordinance's distance parameters, while such a permit is denied to others similarly situated, this is discriminatory application of the distance ordinance. "Any discriminatory application violates the rule." *Reagor*, 651 S.W.2d at 701. Once the ordinance has been applied in a discriminatory manner and is thereby invalidated, the invalidity of the ordinance cannot be rectified by a post facto amendment to the ordinance. Rather, the validity of the ordinance can be restored only "by revocation or other elimination, such as attrition, of the discriminatorily-issued permits and licenses." *City of Murfreesboro*, 569 S.W.2d at 808. Thus, if a beer permit is valid at the time it is issued, but later becomes violative of an amended ordinance, the Board must revoke or suspend the permit that is in violation in order to maintain the validity of the amended ordinance. *See id.*

The Board argues that the Lexington Amoco permit should not be the basis for a finding of discriminatory application because it was ordered in compliance with a court order. The Board, however, cites no case law in support of this position. Indeed, it was made clear in *City of Murfreesboro* that, if a board allows any permit or license that violates the city's distance ordinance to remain in effect, then the ordinance becomes invalid and cannot be relied upon to deny a permit or license to other applicants. *See City of Murfreesboro*, 569 S.W.2d at 808. Regardless of the reason for the issuance of Lexington Amoco's permit, the Board did not revoke or suspend Lexington Amoco's permit after the new distance ordinance went into effect. Thus, Lexington Amoco was allowed to retain its permit in violation of the distance ordinance, while Cox Oil was denied a permit based on the same ordinance. Such action constitutes discriminatory application, and the ordinance, therefore, is invalid. *See Serv-U-Mart*, 527 S.W.2d at 123 (stating that "there can be no discriminatory application of a [distance] rule before or after adoption of a resolution embracing the rule. . . . After adoption, a finding of discretionary application will invalidate the rule.").

The Board also argues that Lexington Amoco's permit falls within the grandfather clause of the new distance ordinance, and therefore cannot be the basis of a finding of discriminatory application. Assuming arguendo that this argument is valid, the record in this cause does not support the Board's assertion that Lexington Oil's beer permit falls within the grandfather clause of the ordinance. The ordinance provides that "[n]o permit shall be suspended, revoked or denied on the basis of proximity . . . if a valid permit had been issued to any business on that same location as of January 1, 1993."[2] The parties agree that Lexington Amoco received a valid permit on December 3, 1993, pursuant to a chancery court order. This fact shows that the Lexington permit falls outside the parameters of the grandfather clause at issue. There is no evidence to the contrary in the record. The Board has the burden of bringing before this Court all of the information needed to support its position on appeal. *See Reagor*, 651 S.W.2d at 701. Because the record does not include evidence to support the Board's assertion, we find this argument to be without merit.

---

[2]In a memorandum filed in the trial court, the Board alleges that "[i]t is believed that January 1, 1993 is a typographical error and should be 1994, due to the fact that it was meant to 'grandfather' the Amoco permit." However, the Board does not raise this issue on appeal, and there is no evidence in the record indicating that such a typographical error was made. Therefore, that argument is not considered in this appeal.

Apparently to distinguish this case from *City of Murfreesboro*, the Board notes that the City of Lexington enacted a new distance ordinance rather than adopting a "post facto amendment" of an existing ordinance. *See City of Murfreesboro*, 569 S.W.2d at 808 ("Discriminatory enforcement of a beer permit distance ordinance cannot be rectified by post facto amendments."). However, the Board acknowledges that the new distance ordinance was adopted because the prior distance ordinance was rendered invalid by discriminatory application. The Board cites no case law supporting its argument that the enactment of a new distance ordinance should be considered distinguishable from the adoption of a post facto amendment under these circumstances. Indeed, *City of Murfreesboro* made it clear that "[r]estoration of the validity of a distance ordinance can only be achieved by revocation or other elimination, such as attrition, of the discriminatorily-issued permits and licenses." *Id.* Thus, this argument must be rejected as well.

The decision of the trial court is affirmed. Costs are to be assessed to the appellant, City of Lexington Beer Board, and its surety, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE