**Michael HENRY and Wife, Vera Henry, Appellants,**

v.

**BLOUNT COUNTY BEER BOARD, a Duly Authorized Committee of the Blount County Commissioners: Don Snodderly, Chairman, Darryl Tipton, Gaynell Waters, Ralph Hayes, and Earl Jones, Members, Appellee.**

Supreme Court of Tennessee.

June 29, 1981.

Meares & Meares, Maryville, for appellants.

David T. Black, Christopher Ralls, Kizer & Black, Maryville, for appellee.

OPINION

COOPER, Justice.

Michael Henry and wife, Vera Henry, appeal from a judgment entered in the Circuit Court of Blount County denying them a permit for the sale of package beer at the Louisville Boat Dock and Club.

---

The defendant beer board refused to issue a permit to the plaintiffs upon the ground that their premises were located within 2,000 feet of the Lakeshore Church of God.[1] Plaintiffs filed a petition for writ of certiorari in the Circuit Court of Blount County, seeking a trial de novo, and a declaration that the "2,000 foot rule" had been invalidated by the action of the Blount County Beer Board in issuing permits for the sale of beer at retail to other applicants, whose premises were located less than 2,000 feet from a church, school or other place of public gathering.

In a series of hearings in the Circuit Court, plaintiffs introduced evidence showing that permits had been issued by the Blount County Beer Board to four businesses located within 2,000 feet of a church or school. On learning of these permits, the Blount County Beer Board revoked the permits, so that at the time of entry of the final judgment in the Circuit Court there were no retail beer outlets in Blount County in violation of the 2,000 foot rule. The trial judge then held that there was no discrimination in enforcement of the beer permit distance ordinance and dismissed plaintiffs' petition for certiorari.

There is no question but that the discriminatory enforcement of the 2,000 foot rule, authorized by T.C.A. § 57–205, invalidates the rule. *Rutherford County Beer Board v. Adams*, 571 S.W.2d 830; *City of Murfreesboro v. Davis*, 569 S.W.2d 805 (Tenn.1978); *Seay v. Knox County Quarterly Court*, 541 S.W.2d 946 (Tenn.1976); *Serv. U. Mart, Inc. v. Sullivan County*, Tenn., 527 S.W.2d 805 (Tenn.1975). Once there has been discrimination in the enforcement of the beer permit distance ordinance, its validity can be restored only "by revocation or other elimination, such as attrition, of the discriminatorily-issued permits and licenses." *City of Murfreesboro v. Davis*, 569 S.W.2d 805, 808 (Tenn.1978).

At the time of entry of judgment in this case, all discriminatorily-issued beer permits

had been revoked and, consequently, the 2,000 foot rule was valid and in force in Blount County. The trial judge then acted correctly in dismissing plaintiffs' petition for certiorari.

Judgment affirmed. Costs incident to the appeal are adjudged against Michael and Vera Henry, and their surety.

HARBISON, C. J., and FONES, BROCK and DROWOTA, JJ., concur.

---

1. T.C.A. § 57–205 authorizes counties to forbid the sale of beer within 2,000 feet of schools, churches, or other places of public gathering.

By resolution adopted in 1939, and again in 1975, the Blount County Quarterly Court adopted the so-called "2,000 foot rule."