Aubrey K. NEEDHAM, Jr., Southland Corporation, Dean William Humphreys, d/b/a Jolly Giant, Plaintiffs-Appellees,

v.

The BEER BOARD OF BLOUNT COUNTY, et al., Defendants-Appellants.

Supreme Court of Tennessee,
at Knoxville.

March 14, 1983.

David T. Black, Martha S.L. Black, Maryville, for defendants-appellants.

James A. McIntosh, Lockridge & Becker, Knoxville, for plaintiffs-appellees.

OPINION

DROWOTA, Justice.

This case is one of a series of cases involving the validity of Blount County's "2,000 foot rule" adopted in July of 1939, by the Quarterly County Court of Blount County, pursuant to T.C.A. § 57–205, now T.C.A. § 57–5–105(a)(3). The "rule" prohibits the storage, sale or manufacture of beer within 2,000 feet of schools, churches or other places of public gathering.

In 1980, Michael and Vera Henry were refused a beer permit by the Blount County Beer Board because their premises were located within 2,000 feet of a church. They filed a petition for writ of certiorari in the Circuit Court of Blount County seeking a declaration that the 2,000 foot rule had been invalidated by the action of the Beer Board in issuing permits for the sale of beer to other applicants whose premises were located less than 2,000 feet from a church or school. It is well settled that the discriminatory enforcement of the 2,000 foot rule invalidates the rule. *City of Murfreesboro v. Davis,* 569 S.W.2d 805, 807 (Tenn.1978). At trial the Henry's introduced evidence that several businesses held permits in violation of the county's 2,000 foot rule. These businesses are the Plaintiffs in this cause. On learning of these permits being issued to Plaintiffs businesses located within 2,000 feet of a church or school, the Defendant, Blount County Beer Board, scheduled a hearing for November 6, 1980, to determine if Plaintiffs' permits should be revoked. After the introduction of evidence showing the businesses to be within 2,000 feet of a church or school, and in order to comply with the "rule" and have a valid ordinance, the Beer Board revoked the permits of the Plaintiffs Aubrey K. Needham, Jr., Southland Corporation and Dean William Humphreys, d/b/a Jolly Giant, effective December 6, 1980.

In *Henry v. Blount Co. Beer Bd.,* 617 S.W.2d 888, 889 (Tenn.1981), this Court held that:

Once there has been discrimination in the enforcement of the beer permit distance ordinance, its validity can be restored only "by revocation or other elimination, such as attrition, of the discriminatorily-issued permits and licenses." *City of Murfreesboro v. Davis,* 569 S.W.2d 805, 808 (Tenn.1978).

We then held that since all discriminatorily-issued beer permits had been revoked, the 2,000 foot rule was valid and in force in Blount County. We accordingly affirmed the actions of the trial judge in dismissing the Henry's petition.

The Plaintiffs, Needham, Southland Corporation, and Humphreys, filed separate petitions for writ of certiorari on December 1, 1980. The petitions are almost identical, each alleging that they relied on the license to sell beer and expended considerable sums of money for the purpose of creating a proper facility. Plaintiffs further alleged: that the distance ordinance is of no force and effect because of discriminatory application and enforcement; that the revocation action is barred by laches; and that Plaintiffs relied upon the representations of members of the Beer Board before incurring the expense of initial operation and that the Defendants are estopped to deny that the Plaintiffs detrimentally relied on such representations.

The Defendants in their answer aver that the beer permits were wrongfully issued because Plaintiffs' places of business, measured in a straight line distance, are closer than 2,000 feet to a church or school. Defendants further aver that the permits were issued either through misrepresentation by the Plaintiffs at the time of the hearings on the applications or by mutual mistake of fact and/or law with regard to the issuance of the permits and the proximity of Plaintiffs' place of business to a school, or church; and that the permits were illegally and improperly issued from their inception because compliance with the 2,000 foot rule was a condition precedent to the issuance of a permit.

These three cases were consolidated for trial and after a trial *de novo* the Chancellor phrased the determinative issue as follows: "When a beer board has issued retail

beer permits in violation of its own adopted Two-thousand Foot Rule, can it later revoke said permits on the sole ground that the establishments are in violation of said rule?" In granting Plaintiffs relief, the Chancellor held that the Beer Board, in issuing the permits in direct violation of its own 2,000 foot rule, waived the provisions of the rule as to the Plaintiffs and therefore could not now rescind its action by revoking the permits. He further found that the Beer Board was guilty of laches and was, therefore, precluded from revoking the permits. The final judgment set aside the revocation of the Plaintiffs' beer permits, and Defendants contend this leaves in doubt the continuing validity of Blount County's 2,000 foot rule.[1] It is from this adverse judgment that the Defendant Beer Board appeals.

Because of the nature of the parties' arguments, and because the parties invoke our equity jurisdiction, we set out the facts as they relate to each Plaintiff. Plaintiff Needham applied in May of 1970 to the Beer Board for a permit to sell beer. At the first hearing on his application, Needham presented to the Board a blueprint of a building which he proposed to build on his property. He showed the Board the building site and indicated exactly where his package store would sit on the property. Apparently discussion concerning the proximity of the store site to the nearby Alcoa-Way Baptist Church was put off until the second hearing.

At the second hearing, testimony of persons opposed to the package store location was heard. Most of those testifying were from churches in the county. The record reveals that the testimony of most of those opposed to the permit concerned the distance of the store from the Baptist church and the method by which that distance should be determined. During the course of the second and third hearings on Needham's application, at least two witnesses stated that the proposed package store would be within 2,000 feet of the Baptist church when measured by a "straight line" between the closest corners of the buildings. But also, at those hearings, Needham apprised the Board of the fact that he had measured the distance between his site and the church by driving his car on the road between the two places and noting the distance traveled as indicated by his odometer was in excess of 2,000 feet. Moreover, members of the Board investigated the proposed site and determined for themselves the distance between the church and Needham's store. The former chairman of the Beer Board testified as follows:

Q. And did you take your automobile and drive in your automobile from the location of the building to the Alcoa-Way Baptist Church?

A. I drove it on the highway parallel to the proposed building—to the driveway of the church.

Q. Did you find that distance to be more or less than two thousand feet?

A. Quite a bit over two thousand feet. I don't remember exactly, but it was over, yes.

Q. Did you make any attempt to determine whether in a straight line, building to building, was it more or less than two thousand feet?

A. No.

. . . . .

Q. What was your practice in measuring all beer license locations?

1. In *Prueitt v. Blount Co. Beer Bd.,* the applicant was denied a permit on May 7, 1981, because his business was within 2,000 feet of a church. After the judgment by the Chancellor in *Needham,* on August 18, 1981, Prueitt again filed an application for a permit on September 1, 1981. The Beer Board deferred action contending the application of the 2,000 foot rule was now uncertain. The Circuit Court issued a pre-emptory writ of mandamus ordering the Beer Board to take action on Prueitt's application. We affirmed the trial court's action in issuing the writ. We view the Chancellor's decision in *Needham* as applying only to the Plaintiffs involved, for the Chancellor found waiver and laches based upon the unusual facts of this present case. Since *Henry, supra,* the validity of the 2,000 foot rule in Blount County should have been clearly established.

A. Where we could, feasibly, we measured it with the wheel. But in a case like that where it was almost impossible to walk over the terrain, we measured it with a car, like we measured that one—from the building site to the closest church or school.

Q. Is that the standard that you imposed on all applicants for a beer license?

A. At that time.

As Needham's only interest was in building a package store, he made it clear to the Board that he would not build unless the permit were granted. He testified as follows:

Q. Did you tell any member of the Beer Board at any time that you were not going to construct a building unless a beer permit was issued to you?

A. Right—I couldn't—you know; I wanted all of the issue out of the way before I build my building.

Q. Does the building have any use to you other than as a package store?

A. Not right at the present, no, it wouldn't.

.    .    .    .    .

Q. Did you construct your building on the strength of the issuance of the beer license?

A. Yes, I did.

Mr. Ray Everett, a Board member in 1970 when Needham's license was granted, testified:

Q. . . . did he ever tell you that without the beer permit he would not build the building?

A. I believe he did, yes. He said he could not build the building without the permit—he would have no use for the building without the beer permit, because that was the sole reason for its existence, was for a package beer store.

With this information before them, the members of the Board voted to grant Needham a permit, on the condition that the plans be carried out according to the specifications presented to them. Relying on the Board's decision, Needham expended $25,000 on the building, inventory and coolers. Upon completion of the store to the Board's satisfaction, Needham's license was issued. He has been engaged in the sale of beer since August 24, 1970.

Plaintiff Dean Humphreys negotiated with Calloway Oil Company to lease a former service station and have it remodeled into a convenience store. He testified as follows: "Q. Was there any condition in your negotiation involving the issuance of a beer permit? A. Yes, sir. That we . . . neither one of us would enter into a contract without a beer license." Humphreys leased the property from the Oil Company after he received his beer license on August 3, 1978. The Oil Company had the property remodeled to Humphrey's specifications for roughly $75,000. Before applying for a permit, Humphreys had contacted one of the members of the Beer Board to ask about the manner in which one applied for a beer license. He was told, among other things, that the distance between the proposed location of the convenience store and the nearest church or school should be more than 2,000 feet, measured by car odometer. Humphreys measured the distance between the Eagleton Grammar School and his site and found the distance to be much in excess of 2,000 feet. Two Board members also made measurements and were satisfied "that it was more than 2,000 feet from this place of business," Humphreys testified he expended a little over $46,000 on equipment and $24,000 on inventory.

The Board revoked Humphreys' permit because it has determined that his convenience store is within 2,000 feet of the Eagleton middle school when measured by a straight line running between the nearest corners of the buildings. At the time Humphreys applied for his permit, he was aware of the existence of the middle school; but he did not measure the distance between the school and his store because, by car, he had to pass the elementary school to get to the middle school. Since the elementary school was over 2,000 feet away there was no reason to concern himself with the mid-

dle school, which was beyond the elementary school.

It should be noted at this point that, had Plaintiffs Needham and Humphreys been instructed by the Board to use the straight line method in measuring the respective distances, it would have been near impossible for them to do so without the assistance of experts. A straight line between the closest corners of the Baptist church and Needham's package store passes over a "very large ravine." And a straight line between the closest corners of the middle school and Humphreys' Jolly Giant convenience store passes over a subdivision fence, two roads, eight pieces of private property, and an eight-foot chain link fence with two strands of barbed wire on top.

Plaintiff Southland Corporation's Seven-Eleven store sits immediately to the southeast of Humphreys' Jolly Giant. The Seven-Eleven has been engaged in the sale of beer in Blount County since February 5, 1976. It is closer to the middle school than is the Jolly Giant store. But the same obstacles mentioned above prevent a lay person from measuring, by straight line, the distance between the school and the Seven-Eleven store.

The former Chairman of the Beer Board testified that when the Southland Corporation was issued its license to sell beer, it had not begun building the Seven-Eleven store. He personally measured the distances from the proposed site to nearby residences and to the Eagleton Elementary School. He measured the distances by car and found them to be in excess of 2,000 feet. The Chancellor did not allow Plaintiff Southland Corporation to show how they relied to their detriment on the action of the Blount County Beer Board. The representative of Southland who testified in this case was not the individual who filed the application for this particular store and he was not familiar with the application.

The new Blount County Beer Ordinance of 1980, adopted by resolution at the October 1980 term by the legislative body of Blount County, was introduced into evidence. The Ordinance states that distances "shall be measured from corner of building to corner of building, straight line distance between the two closest points." The applicant is required to submit with the application a survey of a licensed surveyor certifying that the distance requirements have been satisfied and that the proposed beer establishment is not operating within the prohibitive distances.

The present Secretary of the Blount County Beer Board testified that, to his knowledge, there are no permits currently being exercised that are within 2,000 feet of a school or church, except for the ones at issue in this case.

The record indicates that the Board, prior to the 1980 Ordinance and prior to the *Henry* lawsuit, consistently applied the 2,000 foot rule using the "by road distance" measurement rather than the proper "straight line distance."[2] It is undisputed that by using the straight line distance the Plaintiffs' businesses are within 2,000 feet of a church or school. Using the former "travel distance" the businesses were more than 2,000 feet from a church or school.

The Chancellor did not fully address the question of whether a beer board, after issuing a permit in violation of its own 2,000 foot rule, can revoke the permit on the sole ground that the business establishment is in violation of the 2,000 foot rule. We hold that a beer board can revoke such a permit. "A license to sell liquor [or beer] is not a contract by right of property but is merely a temporary permit to do that which would otherwise be unlawful." *McClellan v. State of Tennessee*, 199 Tenn. 60, 64, 282 S.W.2d 631 (1955); *Coffman v. Washington County Beer Board*, 615 S.W.2d 675, 676

---

2. In *Jones v. Sullivan County Beer Board*, 200 Tenn. 301, 292 S.W.2d 185 (Tenn.1956), this Court established the rule that in the application of a 2,000 foot requirement authorized by the Legislature under T.C.A. § 57–205, the measurement is to be made in a direct line.

This rule was approved and followed in *Serv-U-Mart, Inc. v. Sullivan County*, 527 S.W.2d 121 (Tenn.1975), *City of Murfreesboro v. Davis*, 569 S.W.2d 805 (Tenn.1978), and *Watkins v. Naifeh*, 635 S.W.2d 104 (Tenn.1982).

(Tenn.1981). There is no property right in a permit to sell beer. *Sparks v. Beer Committee of Blount County,* 207 Tenn. 312, 314, 339 S.W.2d 23 (1960).

■ In this case, the Blount County Beer Board had the right to revoke Plaintiffs' permits and in revoking the discriminatorily-issued permits, restored the 2,000 foot rule for Blount County. *Henry v. Blount County Beer Board, supra,* at 889.[3]

■ Plaintiffs Needham and Humphreys would not have expended large sums of money and constructed or had remodeled a building, unless the beer permit had been issued by the Board. The method of measuring distances at that time showed Plaintiffs in compliance with the 2,000 foot rule. The permits were not issued through misrepresentation by the Plaintiffs, but by mutual mistake as to how the distances should be properly measured.

We do not base our opinion on waiver or laches as did the Chancellor, because we do not believe the facts support such a holding. Plaintiffs Needham and Humphreys relied on the license to their detriment and we are of the opinion that the revocation of their licenses would create a significant hardship and would be unjust. We, therefore, hold that Plaintiffs Needham and Humphreys have established a sufficient hardship and detrimental reliance to warrant an exception to the Blount County 2,000 foot rule. We shall remand this cause, under the authority of T.C.A. § 27–3–128, to allow Southland Corporation the opportunity to show if it did in fact detrimentally rely upon the action of the Beer Board, and thus also be entitled to have its permit restored. The judgment, as modified, is affirmed and remanded to the Chancery Court of Blount County, with the costs of this appeal taxed to the Defendants.

FONES, C.J., and COOPER and HARBISON, JJ., concur.

BROCK, J., filed separate concurring opinion.

BROCK, Justice, concurring.

I concur in the action of the Court in holding that the beer permits in this case were unlawfully revoked; but, I do not concur in the opinion. I particularly disagree with the assertion in the opinion that the beer board could lawfully revoke the permits in this case because the beer board, at the time the permits were issued, measured the distance between the business establishments of the permittees and the nearest church, school, etc., in an improper manner under the 2,000 foot rule. The power of beer boards to revoke validly issued permits is circumscribed by T.C.A., § 57–5–109. After vesting the power of revocation in the county legislative governing body, the statute limits the power of revocation as follows:

"(c) Such revocation may be made for any violation of any provision of this chapter or whenever it shall satisfactorily appear that the premises of any person, firm or corporation holding a permit or license under this chapter are being maintained and operated in such a manner as to be detrimental to the public health, safety or morals." T.C.A., § 57–5–109.

It is further provided in subparagraph (m) of this statute that a permit may be revoked for failure of the retailer to pay the lawfully imposed taxes on beer.

None of the causes for revocation stipulated in subparagraph (c) or subparagraph (m) of the statute has been alleged in these cases and, thus, no power of revocation existed. This Court held in *Young v. Warren County Beer Board,* 195 Tenn. 211, 258 S.W.2d 763 (1953), that a beer board cannot

---

3. In *Henry,* we assumed that since permits had been issued to businesses located within 2,000 feet of a church or school, that there had been discrimination in the enforcement of the distance ordinance. However, the facts were not fully developed in *Henry,* the record merely revealed that Plaintiffs Needham, et al., had their permits revoked by the Board. We thus held that since "all discriminatorily-issued beer permits had been revoked ... the 2,000 foot rule was valid and in force in Blount County." The facts as developed by this record show no discriminatory enforcement by the Beer Board, but do show that the Board was in error in the manner in which it measured distances under the ordinance.

revoke a permit except for the violation of a condition found within the statute. Moreover, and more particularly related to the instant case, in *Sparks v. Beer Commissioners of Blount County,* 207 Tenn. 312, 339 S.W. 23 (1960), this Court held that where a church was established many years after a beer permit was granted, the purported action of the beer committee in revoking the permit solely because the permittees' place of business was within 2,000 feet of the later established church was void because arbitrary and unreasonable and unauthorized by the statute.

Therefore, I would hold that the attempted revocation of the beer permits in these cases was invalid because there was no showing that the permittees had violated any provision of the law which would authorize the board to revoke.