FOOD LION, INC., Plaintiff-Appellant,

v.

WASHINGTON COUNTY BEER
BOARD, et al.,
Defendant-Appellee,

and

CHUCKEY TRADING COMPANY,
Plaintiff-Appellant,

v.

WASHINGTON COUNTY BEER
BOARD, et al.,
Defendant-Appellee.

Supreme Court of Tennessee,
at Knoxville.

Dec. 2, 1985.

Donald J. Boarman, Victor J. Vaughn, Johnson City, for plaintiff-appellant.

Mark C. Hicks, Jr., Johnson City, for defendant-appellee.

BROCK, Justice.

Each of the plaintiffs, Food Lion, Inc., and Chuckey Trading Company, sought permits for the sale of beer, but the defendant beer board denied their applications on grounds that the proposed locations were situated within 2,000 ft. of "public gathering places" and thus violated an ordinance of the county prohibiting the location of establishments for the sale of beer within 2,000 ft. of "public gathering places." Each of the plaintiffs then filed suit in the circuit court seeking to have the

denial of the beer board reversed and the permits granted on grounds that the 2,000 ft. rule ordinance was not enforceable against the plaintiffs because the defendant board had previously issued a permit for the sale of beer to the 107 Package Store which was located within 2,000 ft. of two places of public gathering and had operated in that location for approximately seven years prior to the filing by the plaintiffs of their applications for permits. These two cases were consolidated and tried together by the circuit judge who found that the issuance of the beer permit to the 107 Package Store had indeed been in violation of the 2,000 ft. rule ordinance and, therefore, that the 2,000 ft. rule could not be used as a basis for denying the permits sought by the plaintiffs. Accordingly, on October 16, 1984, the trial court entered a final judgment in favor of the plaintiffs and against the defendant beer board requiring that the permits for the sale of beer would be issued to each of the plaintiffs.

The defendant beer board then set about to revoke the permit which had been issued to the 107 Package Store seven years previously and on November 7, 1984, formally revoked that permit.[1]

Thirty days from the entry of the final judgment on October 16, 1984, expired on November 15, 1984.

The defendant board filed a notice of appeal on November 13, 1984. Later, on January 8, 1985, the defendant dismissed this appeal voluntarily.

On November 21, 1984, the defendant filed a motion pursuant to Rule 60.02, Tennessee Rules of Civil Procedure, seeking to have the judgment of October 16, 1984, in favor of the plaintiffs set aside and praying for a judgment in favor of the defendant denying the permits. This motion for Rule 60.02 relief was premised on the argument that on November 7, 1984, the beer board had revoked the beer permit of the 107 Package Store and, therefore, that there was no longer any impediment to the enforcement of the 2,000 ft. rule against these plaintiffs. The excuse offered by the defendant for not asserting this "defense" prior to November 15, 1984, when the judgment in favor of the plaintiffs entered on October 16, 1984, became final was stated by the board in its motion for Rule 60.02 relief as follows:

"A limited time available for consideration of the complicated questions involved requiring research was such as to place severe hardship upon counsel for defendant in attempting the [sic] ascertain the appropriate method of preserving the defendant county's rights in the pending litigation. In considering the matter, it was first thought that relief under Rule 14 of the Tennessee Rules of Appellate Procedure, wherein post-judgment facts could be brought to the attention of the trial court would be the appropriate remedy. That question likewise hinged upon the question of whether the judgment was entered October 16 or entered when it became final on November 16 (more than thirty days after the entry of the judgment). In any event the appeal properly stayed the effect of judgment in the above-styled causes under Rule 62.06, Tennessee Rules of Civil Procedure.

"Defendant Washington County respectfully submits that it should be relieved of the portion of the final judgment entered in the above-styled causes which authorizes the issuance of beer permits to Food Lion, Inc. and Chuckey Trading Company under the provisions of Rule 60.02(1) and (5), Tennessee Rules of Civil Procedure. That the criteria required for the court to exercise its discretion and invoke this rule is met and is present by reason of the Washington County counsel's inability to timely seek to

---

1. It is indicated in the record, however, that this attempted revocation was later reversed by court action on the ground of "hardship" to the owner of the 107 Package Store and that that permit is still outstanding in violation of the "2,000 foot rule."

amend the judgment of the court entered October 16, 1984, due to the very limited time available for action and in support thereof affidavit of counsel, Mark C. Hicks, Jr., is filed herewith as Exhibit C and incorporated herein by reference."

■ The defendant's attorney, in an affidavit supporting the defendant's motion for Rule 60.02 relief, relates a number of his professional and personal activities during the period of time following the board's revocation of the 107 Package Store permit on November 7, 1984. It is fair to say that this affidavit indicates that defendant's attorney was rather busy during the period from November 7, 1984, to November 21, 1984, but falls far short of making out a case of "mistake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment" as required by Rule 60.02, Tennessee Rules of Civil Procedure.

On January 10, 1985, the trial court entered a judgment on the defendant's motion for relief under Rule 60.02, Tennessee Rules of Civil Procedure, which had been filed on November 21, 1984. This is the judgment from which the plaintiffs have appealed to this Court. This judgment of January 10, 1985, vacated the trial court's judgment of October 16, 1984, "restored" the defendant's 2,000 ft. rule and denied the applications of the plaintiffs for beer permits.

Respecting the right of the beer board to invoke Rule 60.02, Tennessee Rules of Civil Procedure, the trial court made the following pertinent finding:

"The main thrust of the motion filed by the beer board is that counsel for the beer board was busy and overlooked the date relief had to be sought from the judgment and, in addition, was uncertain as to how to proceed. Since the board did file its notice of appeal within the 30-day period after the filing of the judgment, the court believes that the second ground is the real reason that relief was not sought in this court before the expiration of 30 days after the judgment was entered."

The trial court further opined as follows: "If the motion is not granted, then the case is in the untenable posture of the Washington County Beer Board having restored its beer ordinance, having revoked the license of 107 Package Store which has been in operation for about six years and, at the same time, being forced by the judgment of this court to issue licenses to the plaintiffs, neither of whom have ever had such a license in Washington County. It may be that the judgment was rendered void by the action of the beer board in restoring its ordinance and this court, which had knowledge of the beer board's action before the expiration of the 30-day period could have, sua sponte, reopened the case. *See Jerkins v. McKinney*, 533 S.W.2d 275 (1976). Under Rule 60.02, therefore, the court is presented with (1) mistake or inadvertence of counsel for the beer board; (2) a possibly void judgment; (3) the fact that it is inequitable that the judgment should have prospective application; and (4) unique, exceptional and extraordinary circumstances, any one of which constitutes sufficient justification for the court to grant relief from the judgment."

The court concluded that the defendant was entitled to relief under Rule 60.02, Tennessee Rules of Civil Procedure, and took note of the fact that the board had revoked the permit of the 107 Package Store on November 7, 1984, thereby "restoring the validity" of the 2,000 ft. rule even though the revocation occurred 22 days *after* the original judgment in favor of the plaintiff was entered on October 16, 1984. The October 16, 1984, judgment was set aside and the petitions of the plaintiffs for the issuance of beer permits were denied. For this action the trial court claimed as authority our opinion in *Henry v. Blount County Beer Board*, Tenn., 617 S.W.2d 888 (1981).

We hold that the trial court erred in two respects and that its judgment must be reversed. First, the defendant has wholly failed to demonstrate any ground for relief under Rule 60.02, Tennessee Rules of Civil Procedure. No "mistake, inadvertence, surprise or excusable neglect, ... or any other reason justifying relief from the operation of the judgment" has been shown for its failure to seek relief under Rule 59, Tennessee Rules of Civil Procedure, which certainly was available to the defendant from November 7, 1984, when the board revoked the 107 Package Store permit until November 15, 1984, when the judgment entered October 16, 1984, became final.

> "It has been declared that the mere negligence or inattention of a party is no ground for vacating a judgment against him. Carelessness is not synonymous with excusable neglect. Mere forgetfulness of a party to an action is not a sufficient ground for vacating or setting aside a judgment by default. Parties are not justified in neglecting their cases merely because of the stress or importance of their own private business and such neglect is ordinarily not excusable."

46 Am.Jur.2d 874–75 *Judgments* § 718 (1969); *Dudley v. Stiles*, 142 Mont. 566, 386 P.2d 342 (1963).

Therefore, the fact that the defendant board was represented by a busy lawyer is no ground for Rule 60.02 relief. We further hold that if, as the trial court found, "the real reason that relief was not sought ... before the expiration of 30 days after the judgment was entered" is that defendant's counsel "was uncertain as to how to proceed" this excuse, too, fails to satisfy the requirements of Rule 60.02 for abrogating a final judgment as was done by the trial court in this case. If this Court were to hold that ignorance of the law is a proper ground for relief under Rule 60.02, Tennessee Rules of Civil Procedure, it is hard to conceive how any judgment could be safe from assault on that ground.

■ Secondly, the trial court erred in concluding that the board's revocation of the 107 Package Store permit on November 7, 1984, could have any effect on the final judgment previously entered on October 16, 1984. Its reliance upon *Henry v. Blount County Beer Board, supra,* is misplaced. The discriminatory permits in the *Henry* case had been revoked by the beer board *before,* not *after,* the entry of the final judgment holding that the 2,000 ft. rule was applicable and that the beer permit sought by the plaintiffs in that case should not be granted.

> "In a series of hearings in the Circuit Court, plaintiffs introduced evidence showing that permits had been issued by the Blount County Beer Board to four businesses located within 2,000 feet of a church or school. On learning of these permits, the Blount County Beer Board revoked the permits, *so that at the time of entry of the final judgment in the Circuit Court* there were no retail beer outlets in Blount County in violation of the 2,000 foot rule. The trial judge then held that there was no discrimination in enforcement of the beer permit distance ordinance and dismissed plaintiffs' petition for certiorari."

617 S.W.2d at 889.

The crucial information on the revocation was made known to the court before judgment was entered. We have never held and are not now disposed to hold that a beer board that has issued permits in violation of its 2,000 ft. ordinance, may wait until after a final judgment is entered awarding a permit to a plaintiff who relies upon the invalidation of the 2,000 ft. ordinance because of the board's discrimination in its enforcement, then set about to revoke the offending permits, wait until 30 days has expired following entry of the judgment in favor of the plaintiff, and then seek to set aside that final judgment through a resort to Rule 60.02 and, in effect make the revocation retroactive to the time of trial so as to serve as a basis for denying a permit to the plaintiff. Here, the revocation on November 7, 1984, is

ineffective to invalidate the judgment for the plaintiff entered on October 16, 1984. These cases, as any others, are to be tried on the facts and law existing at the time of the trial, not upon radical changes in the facts and the law occurring after trial and, as in this case, even after the judgment has become final.

■ For the same reasons, the defendants' attempt by a motion under Rule 14, Tennessee Rules of Appellate Procedure, to have us consider as a "Post Judgment Fact," the November 7 revocation as ground for setting aside the final judgment entered October 16, 1984, is without merit. The principal issue for trial in the trial court was whether or not the defendant board had issued beer permits in violation of its 2,000 ft. ordinance and, for that reason, was prohibited by the constitutional principle of equal protection of the law to deny the plaintiff a permit for the sale of beer within 2,000 ft. of a place of public gathering. The proof showed that such an offending permit had been issued to the 107 Package Store which had been in operation approximately seven years at the time of this hearing. Accordingly, the trial court held that the board could not invoke the 2,000 ft. ordinance against the plaintiff and ordered that permits be issued to plaintiff. After that final judgment was entered on October 16, 1984, the revocation of the offending permit on November 7, 1984, came too late to affect that judgment. Thus, the November 7 revocation is not a fact "concerning the action" that the Court should notice under Rule 14 which provides:

"(a) The Supreme Court, Court of Appeals, and Court of Criminal Appeals on its motion or on motion of a party may consider facts concerning the action that occurred after judgment."

The Advisory Commission Comment to Rule 14 is as follows:

"Although the appellate court should generally consider only those facts established at trial, it occasionally is necessary for the appellate court to be advised of matters arising after judgment. These facts, unrelated to the merits and not genuinely disputed, are necessary to keep the record up to date. This rule gives the appellate court discretion to consider such facts. This rule is not intended to permit a retrial in the appellate court."

The judgment appealed from is reversed and this cause is remanded to the trial court for enforcement of its judgment entered on October 16, 1984. Costs incurred upon appeal are taxed against the defendants-appellees.

COOPER, C.J., and FONES, J., concur.

DROWOTA, J., filing separate concurring opinion in which HARBISON, J., concurs.

DROWOTA, Justice, concurring.

In *Henry v. Blount County Beer Board*, 617 S.W.2d 888, 889 (Tenn.1981) this Court stated:

Once there has been discrimination in the enforcement of the beer permit distance ordinance, its validity can be restored only "by revocation or other elimination, such as attrition, of the discriminatorily-issued permits and licenses." *City of Murfreesboro v. Davis*, 569 S.W.2d 805, 808 (Tenn.1978).

At the time of entry of judgment in this case, [Henry] all discriminatorily-issued beer permits had been revoked and, consequently, the 2,000 foot rule was valid and in force in Blount County.

In the case at bar, at the time of entry of judgment (October 16, 1984), the discriminatorily-issued permit of 107 Package Store had not been revoked. After final judgment when the 107 Package Store's permit was revoked, the Washington County Beer Board filed a Rule 60.02 motion on November 21, 1984, after the judgment of the Circuit Court had become final.

The majority opinion holds that this is not a proper case for Rule 60.02 relief, and I agree. The defendant Beer Board should have filed a timely Rule 59, T.R.C.P., motion as Judge Brock suggests.

In *Needham v. Beer Board of Blount County,* 647 S.W.2d 226, 230 (Tenn.1983), this Court held that a beer board can revoke a permit on the sole ground that the business establishment is in violation of the 2,000 foot rule. Thus the Washington County Beer Board may still restore its 2,000 foot rule but not in the procedural manner attempted in this case.

I am authorized to state that Justice HARBISON joins me in this concurring opinion.