IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE


MICHAEL J. STEGMAN,                ) C/A NO. 03A01-9902-CH-00076

**FILED**

October 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

           Plaintiff-Appellee, )


v.                                 ) APPEAL AS OF RIGHT FROM THE
                                   ) SEVIER COUNTY CHANCERY COURT


RODNEY MILLS, d/b/a ROD'S          )
TOWING & RECOVERY,                 )
                                   ) HONORABLE TELFORD E. FORGETY,
JR.,
       Defendant-Appellant.) CHANCELLOR



For Appellant                      For Appellee

JOSEPH P. STAPLETON                SCOTT D. HALL
Brabson, Yates & Hamilton          Sevierville, Tennessee
Sevierville, Tennessee
(On Brief)

DOUGLAS S. YATES
Sevierville, Tennessee
(Oral Argument)



O P I N I O N

AFFIRMED AND REMANDED                                    Susano, J.


        This case involves a petition filed by Michael J.

Stegman ("Stegman") seeking to register[1] an Ohio judgment

against Rodney Mills, doing business as Rod's Towing &

Recovery ("Mills").  The trial court entered an order "

recognizing" the judgment.  Thereafter, Mills filed a motion

for relief pursuant to Rule 60.02, Tenn.R.Civ.P., which the

trial court denied.  Mills appeals, arguing that the trial

court abused its discretion in denying his Rule 60.02 motion.


                              I.


        On April 8, 1998, Stegman obtained a default

judgment in the amount $3,850.50 against Mills in Clermont

County, Ohio, Court of Common Pleas.  On August 25, 1998,

Stegman filed a petition in Chancery Court seeking to

domesticate his judgment.  Mills acknowledges that he was

served with process in the registration proceeding on

September 28, 1998.  He further acknowledges that he did not

file an answer or otherwise respond to the petition during the

following 30 days.  During the same period, Stegman filed a

motion to modify the style of the action so as to include a

number of aliases for the defendant, which motion was granted by the trial court on October 9, 1999.  In the order, the trial court further decreed "that thirty (30) days after September 28, 1998, execution may issue in this action against the named Defendant under the names Rodney Mills, and/or Rodger Mills, and/or Rod Mills."  Mills was served with a copy of this order sometime within 30 days of the date of service of the original process.

After thirty days had elapsed from the date of service of original process, the trial court entered an order recognizing the foreign judgment and directing execution to immediately issue.  Stegman next filed a motion requesting an award of attorney's fees and costs incurred as a result of Mills' failure to attend a November, 1998, deposition for which Mills had been subpoenaed.  Along with this motion, Stegman filed a notice informing Mills that a hearing on this motion was scheduled for December 11, 1998.  Both the notice and the motion were served upon Mills; however, he made no appearance at the subsequent hearing.  The trial court awarded Stegman $440 in attorney's fees and costs.

On December 16, 1998, Mills, represented by counsel, filed a Rule 60.02 motion to set aside the trial court's order recognizing the foreign judgment.  In an accompanying affidavit, Mills asserts that he is "a working class man with no formal education and was unfamiliar with the nature of the proceeding brought against him in the Sevier County Courts."

Further, Mills states that given his limited means, he had been unable to obtain legal counsel within 30 days of service of the petition to register the foreign judgment. Finally, Mills asserts that he has "a good defense" to the registration of the Ohio judgment in that Ohio lacked jurisdiction over him. The trial court denied Mills' motion, reasoning that Mills "had ample opportunity to defend the Judgment at issue" and that the relief requested pursuant to Rule 60.02 was not justified. This appeal followed.

## II.

The setting aside of a judgment pursuant to Rule 60.02, Tenn.R.Civ.P. is within the sound discretion of the trial court; thus, we review a trial court's denial of a Rule 60.02 motion for an abuse of discretion. *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn. 1993); *Toney v. Mueller Co.,* 810 S.W.2d 145, 147 (Tenn. 1991); *Henderson v. Kirby,* 944 S.W.2d 602, 605 (Tenn.App. 1996).

## III.

A foreign judgment filed for registration in a court of this state in accordance with T.C.A. § 26-6-104 "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be

enforced or satisfied in like manner." T.C.A. § 26-6-104 (c)

(1980). "Thus, the grounds and procedures for vacating or

reopening foreign judgments are those contained in

Tenn.R.Civ.P. 60.02." ***Biogen Distributors, Inc. v. Tanner,***

842 S.W.2d 253, 256 (Tenn.App. 1992). Rule 60.02 provides, in

pertinent part, as follows:

> On motion and upon such terms as are just,
> the court may relieve a party or the party'
> s legal representative from a final
> judgment,

order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect....

Rule 60.02, Tenn.R.Civ.P. "As a prerequisite to the extraordinary relief available under Rule 60.02(1), the movant is required to set forth in a motion, petition or supporting affidavits, facts explaining why movant was justified in failing to avoid mistake, inadvertence, surprise or neglect." *Bivins v. Hospital Corp. of America,* 910 S.W.2d 441, 446 (Tenn.App. 1995).

## IV.

In an affidavit supporting his motion, Mills states that he is an uneducated man who did not understand the nature of the proceedings against him. On appeal, he argues that these circumstances constitute excusable neglect, thereby entitling him to relief under Rule 60.02, Tenn.R.Civ.P. We cannot agree with this contention. "If this Court were to hold that ignorance of the law is a proper ground for relief under Rule 60.02, Tennessee Rules of Civil Procedure, it is hard to conceive how any judgment could be safe from assault on that ground." *Food Lion, Inc. v. Washington County Beer Bd.,* 700 S.W.2d 893, 896 (Tenn. 1985).

Mills also asserts that he is of limited means and

could not obtain counsel within 30 days of service of process on him. Mills cites no authority, and we are not aware of any, holding that the temporary inability to hire counsel constitutes excusable neglect. Mills had the opportunity to respond to the plaintiff's petition, and could have done so without the assistance of counsel. If, as Mills suggests, he was of limited means only for the 30 days after the petition was served on him, he could have asked for additional time to respond while he sought the assistance of counsel. While it is understandable that Mills may have been uncertain as to how to proceed, we cannot find that this uncertainty excuses his utter failure to respond to the action filed against him. *See Food Lion, Inc.,* 700 S.W.2d at 896 (finding attorney's uncertainty as to how to proceed does not constitute excusable neglect).

Mills contends that if the trial court had granted his Rule 60.02 motion, he could have established that the Ohio judgment is not entitled to full faith and credit because, as of the date of that judgment, the State of Ohio lacked personal jurisdiction over him. Because we find that Mills did not demonstrate excusable neglect sufficient to warrant relief under Rule 60.02, we will not address the merits of his claimed defense to the Ohio judgment. We presume, absent proper proof to the contrary, that the judgment of the Ohio court in this case is valid. *See Four Seasons Gardening & Landscaping, Inc. v. Crouch,* 688 S.W.2d 439, 441-42 (Tenn.App.

1984).

V.

Accordingly, the judgment of the trial court is in all respects affirmed.  Costs on appeal are taxed to the appellant.  This case is remanded to the trial court for the enforcement of the judgment and collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.