# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 14, 2003 Session

## PACHE INDUSTRIES, LLC v. WALLACE HARDWARE CO., INC.

**Appeal from the Circuit Court for Hamblen County**
**No. 02-CV-236      Kindall T. Lawson, Judge**

**FILED NOVEMBER 12, 2003**

**No. E2003-01483-COA-R3-CV**

———————————

Pache Industries, LLC ("Plaintiff") sued Wallace Hardware Co., Inc. ("Defendant") for unpaid invoices. Defendant was served with the summons and complaint, but did not answer within thirty days. Plaintiff filed a motion for default judgment. After being served with the motion for default judgment, Defendant hired an attorney, filed an answer to the complaint, and filed responses to discovery requests. The Trial Court granted Plaintiff a default judgment. Defendant filed a motion to set aside the default judgment. The Trial Court denied the motion. Defendant appeals. We affirm.[1]

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and WILLIAM H. INMAN, SR., J., joined.

Lori L. Jessee, Morristown, Tennessee, for the Appellant, Wallace Hardware Co., Inc.

J. Randall Shelton, Morristown, Tennessee, for the Appellee, Pache Industries, LLC.

---

[1]Oral argument was heard in this case on October 14, 2003, in Morristown as part of the Court's C.A.S.E. (**C**ourt of Appeals **A**ffecting **S**tudent **E**ducation) project.

## OPINION

### Background

Plaintiff sued Defendant for several unpaid invoices. The summons and complaint were served upon William A. Trusler, Defendant's registered agent and Vice President of Finance, on September 9, 2002. At that same time, Defendant also was served with requests for admission and interrogatories. Mr. Trusler admits he received these documents. Defendant did not answer the complaint within thirty days and also did not answer the requests for admission and interrogatories timely.

On November 1, 2002, Plaintiff filed a motion for judgment by default and served Defendant with the motion and with notice that the motion would be heard on February 3, 2003. Defendant's appellate brief states that Defendant finally met with, and hired, an attorney on November 24, 2002. The next day, Defendant's attorney contacted Plaintiff's attorney to discuss the case. On January 15, 2003[2], approximately eighteen days prior to the hearing on the motion for default judgment, Defendant filed an answer, a motion to withdraw admissions, and a response to requests for admission and interrogatories.

Defendant provided responses to all of the requests to admit and to twenty-four of the twenty-five interrogatories. Defendant objected to interrogatory number twenty-five claiming it was "ambiguous, overbroad, and unduly burdensome." Specifically, interrogatory number twenty-five requested that Defendant "[i]dentify and attach to your answers copies of any documents [you have] which have a bearing or shed light on the issues raised in the *Complaint*." Plaintiff filed a motion to compel an answer to interrogatory number twenty-five.

The Trial Court heard argument on the motion for default judgment on February 3, 2003, and granted Plaintiff a default judgment rendering the other pending motions moot. The Trial Court entered a judgment on February 6, 2003, granting Plaintiff the sum of "$11,678.70, plus prejudgment interest of 10% from the dates of the individual invoices identified in the *Complaint*."

Defendant filed a motion to set aside the default judgment and the supporting affidavits of Mr. Trusler and Defendant's attorney. The motion claims that the failure to timely answer the complaint was "the result of excusable neglect, mistake, and inadvertence of [Defendant]." In addition, Defendant claimed it had a valid and meritorious defense to the suit and that Plaintiff would not be prejudiced if Defendant's motion were granted. Mr. Trusler's affidavit admits that he received the summons and complaint and states that "the documents were misplaced by me and allowed to languish" until November of 2002, when the documents were found and Defendant finally sought legal counsel. The Trial Court heard argument and then entered an order

---

[2]The certificate of service, the signature block, and the notarization on the Answer are all dated January 16, 2003; however, the Hamblen County Circuit Court Clerk date stamped the document as filed on January 15, 2003. Whether the Answer was actually filed on the 15th or the 16th has no bearing on our analysis of the issues in this case.

on May 19, 2003, denying Defendant's motion to set aside the default judgment. Defendant appeals to this Court.

## Discussion

Defendant raises two issues on appeal: 1) whether the Trial Court erred in granting judgment by default; and 2) whether the Trial Court erred in denying Defendant's motion to set aside the default judgment. We will address each issue in turn.

The decision to grant a default judgment is reviewed under an abuse of discretion standard. *State of Tennessee ex. rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000). A trial court's decision to grant or deny relief under Rule 60.02 also is reviewed for abuse of discretion. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993).

Our Supreme Court discussed the abuse of discretion standard in *Eldridge v. Eldridge*, stating:

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made." A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted).

Appellate courts ordinarily permit discretionary decisions to stand when reasonable judicial minds can differ concerning their soundness. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999). A trial court's discretionary decision must take into account applicable law and be consistent with the facts before the court. *Id*. When reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Id*.

We first will consider whether the Trial Court erred in granting Plaintiff judgment by default. The entry of a default judgment is governed by Tenn. R. Civ. P. 55, which states, in pertinent part:

> **55.01. Entry. -** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered as follows:

The party entitled to a judgment by default shall apply to the court. All parties against whom a default judgment is sought shall be served with a written notice of the application for judgment at least five days before the hearing on the application, regardless of whether the party has made an appearance in the action. No judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

Tenn. R. Civ. P. 55.01.

The Trial Court granted the default judgment because Defendant failed to comply with Tenn. R. Civ. P. 12, which states: "A defendant shall serve an answer within thirty (30) days after the service of the summons and complaint upon him." Tenn. R. Civ. P. 12.01.

As this Court stated in the *Looper* case:

"The belated filing of an answer is not an adequate response to a motion for default. There must be some application to the court for relief from the failure to timely file an answer." The language of Rule 55.01 makes it clear that a judge, in the exercise of sound judicial discretion, may enter a default judgment against a party who has failed to plead or otherwise defend in accordance with the rules, as long as proper notice of hearing on the motion is given. . . . Under the rules, an extension of time within which to file an already overdue response is available in the discretion of the trial court, for good cause shown, and upon a showing of excusable neglect. While trial courts generally have discretion to allow late filings, they are not compelled to do so.

*State of Tennessee ex. rel. Jones v. Looper*, 86 S.W.3d at 196 (citations omitted).

In this case, Defendant failed to file an answer within the time period provided by Rule 12 of the Rules of Civil Procedure or to otherwise timely defend as provided by the Rules of Civil Procedure. Defendant then made no application for an extension of time in which to respond to the complaint, but instead merely filed a belated answer.

Defendant claims that this was not an "eleventh hour" defense because its answer was filed eighteen days prior to the hearing on the motion for default judgment. However, neither the Rules of Civil Procedure nor case law provide that a default judgment must be denied if an answer is filed prior to the court's hearing on the motion. Rule 12.01 clearly provides that a complaint

"shall" be answered within thirty days. Defendant did not do that. In addition, Defendant did not simply delay in answering the complaint, but also delayed in hiring an attorney for several weeks after being served with the motion for default judgment. The Trial Court took into account the applicable law and the facts before it and exercised its discretion under Rule 55.01 to grant a default judgment. The Trial Court neither applied an incorrect legal standard nor reached a decision that is against logic or reasoning that causes an injustice to Defendant. Likewise, we believe that reasonable minds could disagree as to the propriety of the decision made by the Trial Court, the very essence of a discretionary decision. Given this, we are not permitted to substitute our judgment for that of the Trial Court, and, therefore, we affirm the Trial Court as to this issue.

We next consider whether the Trial Court erred in denying Defendant's motion to set aside the default judgment. Rule 55 provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Tenn. R. Civ. P. 55.02. As this Court has stated:

> A party seeking relief under Rule 55.02 must satisfy the court that it is entitled to relief based on one of the grounds in Tenn. R. Civ. P. 60.02 and that it has a meritorious defense to the plaintiff's suit. Further, the party seeking relief from a judgment has the burden of proving he or she is entitled to relief.

*State of Tennessee ex. rel. Jones v. Looper*, 86 S.W.3d at 199-200 (citations omitted).

In pertinent part, Rule 60.02 provides that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . ." Tenn. R. Civ. P. 60.02.

"Neither dismissals nor default judgments are favored by the courts. Dismissals based on procedural grounds like failure to prosecute and default judgments run counter to the judicial system's general objective of disposing of cases on the merits." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003) (citations omitted).

However, a defendant may not simply ignore a suit or delay filing an answer to inconvenience the plaintiff. "[D]efendants are not to be allowed to prolong litigation by imposing procedural delays. The default judgment protects a diligent party from continual delay and uncertainty as to his or her rights." *State of Tennessee ex. rel. Jones v. Looper*, 86 S.W.3d at 194 (quoting 49 C.J.S. *Judgments* § 196 (1997)). The Rules of Civil Procedure "shall be construed to secure the just, speedy and inexpensive determination of every action." Tenn. R. Civ. P. 1. Tenn. R. Civ. P. 1. In addition, our Supreme Court has stated:

> It has been declared that the mere negligence or inattention of a party is no ground for vacating a judgment against him. Carelessness is not synonymous with excusable neglect. Mere forgetfulness of a party to an action is not a sufficient

ground for vacating or setting aside a judgment by default. Parties are not justified in neglecting their cases merely because of the stress or importance of their own private business and such neglect is ordinarily not excusable.

*Food Lion, Inc. v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn. 1985) (quoting 46 Am. Jur. 2d 874-75 *Judgments* § 718 (1969)).

Defendant offered no explanation to support its claim that it is entitled to have the default judgment set aside other than the assertion in Mr. Trusler's affidavit that "the documents were misplaced by me and allowed to languish." When Defendant was served with Plaintiff's motion for default judgment, Defendant apparently waited several more weeks before hiring an attorney. Mr. Trusler is Defendant's registered agent for service of process and, as such, is assumed to understand the seriousness of being served with a summons and complaint. Yet, Mr. Trusler, by his own admission, allowed the documents to "languish." Defendant's carelessness, mere forgetfulness, or stress or importance of other business is not excusable neglect.

Defendant argues that the default judgment should be set aside because it has what it believes is a meritorious defense. While it may be true that Defendant may have a meritorious defense, Defendant did not take steps to defend within the proper time limits and has offered no excuse for this failure that rises to the level of "mistake, inadvertence, surprise or excusable neglect" contemplated by Rule 60.02. Rule 60.02 provides that a court may relieve a party from a final judgment "upon such terms as are just." To relieve Defendant from the default judgment because it allowed the summons and complaint to "languish" would not be just to Plaintiff. Rule 60.02 was not intended to rescue a party who failed to answer a complaint for no good reason. There must be finality to lawsuits so that parties may move on with their lives and their personal business, and our Rules of Civil Procedure are in place to assist in achieving that goal. If we allow defendants to overturn properly granted default judgments without a good excuse, we are undermining the goal of achieving finality. "[D]efendants are not to be allowed to prolong litigation by imposing procedural delays. The default judgment protects a diligent party from continual delay and uncertainty as to his or her rights." *State of Tennessee ex. rel. Jones v. Looper*, 86 S.W.3d at 194 (quoting 49 C.J.S. *Judgments* § 196 (1997)).

Defendant also claims that there would be no prejudice to Plaintiff if the default judgment were set aside. However, Defendant did not carry its burden of proving it is entitled to relief under Rule 60.02. Since Defendant did not prove it is entitled to relief under Rule 60.02, proof of a meritorious defense and a lack of prejudice to Plaintiff are insufficient to overturn a default judgment.

The Trial Court neither applied an incorrect legal standard nor reached a decision that is against logic or reasoning that causes an injustice to Defendant when it denied Defendant's motion. Likewise, we believe that reasonable minds could disagree as to the propriety of the Trial Court's decision to deny Defendant's motion. Given this, we are not permitted to substitute our judgment for that of the Trial Court. We hold that the Trial Court did not abuse its discretion in

refusing to set aside the default judgment, and, therefore, we affirm the Trial Court on this issue.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Wallace Hardware Co., Inc., and its surety.

 

_____
D. MICHAEL SWINEY, JUDGE