IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 18, 2004 Session

## STATE OF TENNESSEE, EX REL., JOEANN  KEE DAVIS v. FRANKIE LEE DAVIS

**A Direct Appeal from the Juvenile Court for Shelby County**
**No. M6237     The Honorable Kenneth A. Turner, Judge**

**No. W2002-02521-COA-R3-JV - Filed April 28, 2004**

Appellant seeks relief, under Tenn. R. Civ. P. 60.02, from final order setting child support obligations.  Finding no extraordinary circumstances, extreme hardship, or excusable neglect, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Marcus M. Reaves, Denmark, Tennessee, For Appellant, Frankie Lee Davis

Paul G. Summers, Attorney General and Reporter; Warren A. Jasper, Assistant Attorney General, For Appellee, State of Tennessee ex rel., Joeann Kee Davis

### OPINION

Frankie Lee Davis ("Mr. Davis," "Defendant," or "Appellant") and Joeann Kee Davis ("Ms. Davis," "Petitioner," or "Appellee") are separated.  They are the parents of E.E.D. (d/o/b April 19, 1986) and A.D.D. (d/o/b August 15, 1988).  Mr. Davis' doctors say he suffers from skin problems, including "spongiotic dermatitis" and "psoriasis" with skin rash and "pain syndrome."  He is under the care of a rheumatologist.

On June 29, 2001, Ms. Davis filed a "Petition for Child Support" in the Shelby County Juvenile Court against Mr. Davis, seeking support for the couple's two minor children.  A hearing before the Referee of the Juvenile Court was held on July 25, 2001.  On August 22, 2001, the Referee entered her findings and recommendations, which read, in relevant part, as follows:

> 1. That FRANKIE L. DAVIS shall pay by income assignment $300.00 monthly, plus 5% statutory fee, to the Central Child Support Receipting Unit, P.O. Box 305200, Nashville, Tennessee, 37229, toward the support of the child(ren) named in the petition beginning retroactively July 25, 2001. Unless specifically ordered by the Court, such support shall not be reduced or prorated.
>
> 2. That the defendant shall provide medical insurance for the child(ren), and that the parties each be responsible for one-half of the child's necessary medical expenses not covered by insurance. In the event insurance is not provided the defendant shall be responsible for all of the child's necessary medical expenses.

The matter was continued until August 22, 2001. At that time, the Order of support was upheld. On August 24, 2001, Mr. Davis filed a "Request for Hearing before the Judge." This Request (characterized as a "Petition to Rehear" at this point in the record) was dismissed on November 29, 2001 for failure to prosecute.

On December 20, 2001, Mr. Davis filed a "Motion to Set Aside" the court's order establishing his child support obligations. This Motion alleged that Mr. Davis was told that the hearing on the matter of his support obligation was to be held on August 24, 2001 instead of August 22, 2001. He also sought to set aside the November 29, 2001 Order alleging that he never received notice to appear on his previously filed "Request for Hearing before Judge."
Mr. Davis' Motion was granted by Order of January 3, 2002. That Order set aside the November 29, 2001 Order and set the cause for hearing on February 7, 2002. Following the February 7, 2002 hearing, an Order was entered, which dismissed Mr. Davis' "Petition to Rehear," and reconfirmed the child support obligations outlined in the Referee's August 22, 2001 ruling. However, the Order "suspend[ed] enforcement [of the child support obligation] at this time due to defendant's testimony."[1]

On May 29, 2002, Mr. Davis filed a "Motion to Modify Order," claiming "sufficient change in circumstances to justify a modification...." This Motion was set for hearing on August 5, 2002. On August 5, 2002, the Juvenile Referee dismissed the Motion "without prejudice due to parties failure to appear."

On September 9, 2002, Mr. Davis filed a "Motion to Set Aside Judgment," apparently under Tenn. R. Civ. P. 60.02, along with an Affidavit in support thereof. This Motion reads, in relevant part, as follows:[14]

> Comes the Defendant, Frankie Lee Davis, and moves this Court for an Order to Set Aside Judgment entered in against [sic] him on August 5, 2002 and states as grounds the following:

---

[1] A transcript of this testimony is not in the record on appeal.

1. That the Defendant was given the date of August 8, 2002 to appear before the Court.

2. That the Defendant appeared on August 8, 2002 and was advised that this case had been dismissed for failure to appear.

3. That the Defendant['s] failure to appear was not willful.

4. That the Defendant was given unt[il] this date to bring records regarding his medical condition from the expert.

5. That the Defendant hereby attaches...said letters from his physic[ian] stating his medical condition.

WHEREFORE DEFENDANT PRAY[S]:

1. That this Court set aside all Orders subsequent to the August 5, 2002 hearing.

Following a hearing on October 1, 2002, the Juvenile Referee ordered that Mr. Davis' Motion should be denied and that his child support obligations should not be modified or set aside. The Juvenile Court affirmed the Referee. Mr. Davis appeals from this Order and raises one issue for review as stated in his brief:

Whether the court erred in refusing to set aside the judgment of August 5, 2002 in dismissing the motion to modify.

Tennessee Rule of Civil Procedure 60.02 provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

The burden of proof under Rule 60.02 is on the party seeking relief, and that party carries a heavy burden. *Gilliland ex rel. Gilliland v. Pinkley*, 2001 WL 557985, at * 4 (Tenn. Ct. App. May

23, 2001) (citations omitted). Rule 60.02 is intended to be an "exceptional remedy" that serves as "'an escape valve from possible inequity that might otherwise arise from the'" Tennessee Rules' principles of finality. *Id*. (quoting *Thompson v. Fireman's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn.1990)). However, "parties are not justified in neglecting their cases merely because of the stress or importance of their own private business and such neglect is ordinarily not excusable." *Food Lion, Inc. v. Washington County Beer Board*, 700 S.W.2d 893, 896 (Tenn.1985) (citations omitted). The disposition of motions under Rule 60.02 is best left to the discretion of the lower court, and such decisions are reversed only if they constitute an abuse of that discretion. *Spruce v. Spruce*, 2 S.W.3d 192, 194 (Tenn. Ct. App .1998) (quoting *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94 (Tenn.1993)).

Mr. Davis first asserts the ground of excusable neglect, under Tenn. R. Civ. P. 60.02(1). Mr. Davis failed to appear at several hearings in this matter, including the August 22, 2001 hearing to set support before the Referee, the November 29, 2001 hearing before the judge to set support and on his Motion to Set Aside, and at the hearing on his Motion to Modify Order. As noted, *supra*, "parties are not justified in neglecting their cases merely because of the stress or importance of their own private business and such neglect is ordinarily not excusable." *Food Lion, Inc. v. Washington County Beer Board*, 700 S.W.2d 893, 896 (Tenn.1985). Furthermore, the burden of proof under Rule 60.02 is on the party seeking relief, and that party carries a heavy burden *Gilliland ex rel. Gilliland v. Pinkley*, 2001 WL 557985, at * 4 (Tenn. Ct. App. May 23, 2001). From our review of the record, Mr. Davis has not explained his numerous absences from hearings on this matter to the extent necessary to satisfy the heavy burden of proof required for Rule 60.02 relief.

Mr. Davis next seeks relief under the section (5) "any other reason" clause of the rule. Mr. Davis relies upon *Gaines v. Gaines*, 599 S.W.2d 561 (Tenn. Ct. App. 1980), in which this Court noted that a "proper case" for relief under the "other reason" clause is "only one of 'extraordinary circumstances'...or 'extreme hardship'...." *Id*. at 564 (quoting *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977)). In asserting an "extreme hardship" basis for setting aside the judgment in this case, Mr. Davis misapplies the standard set forth in *Gaines*. The extreme hardship cited in *Gaines* occurred where counsel allowed entry of default judgment after "constructively" disappearing due to mental illness. In the case at bar, Mr. Davis is alleging that the Order itself constitutes a hardship. As aptly pointed out in Appellee's brief, such is the case with most court orders. Here, we have a father who has a support obligation yet claims to be unable to work. The record contains two unsworn statements from physicians to this effect. In addition, Mr. Davis provided a Statement of Evidence. In the face of this evidence, the trial court found that the support obligation could be met by Mr. Davis. We have reviewed the entire record in this case and we find no extraordinary circumstance or extreme hardship such as to require the setting aside of the trial court's Order under Tenn. R. Civ. P. 60.02(5)

For the foregoing reasons, we affirm the Order of the trial court. Costs of this appeal are assessed against the Appellant, Frankie Lee Davis, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.